[No. 14589.   Department Two. — August 30, 1892.]

96   93
118  682

# LOS ANGELES COUNTY, Respondent, v. THE SAN JOSÉ LAND AND WATER COMPANY, Appellant.

Eminent Domain — Opening of Highway — Rule of Evidence — Collateral Attack upon Action of Supervisors — Constitutional Law — Writ of Review. — Section 2690 of the Political Code, providing that upon the non-acceptance by a property owner of an award of damages caused by the opening of a public road, the board must, by order, direct proceedings to be instituted to procure the right of way, and that no informality in the proceedings of the board shall vitiate the suit, but that the order of the board shall be conclusive proof of the regularity thereof, simply establishes a rule of evidence for that particular proceeding, and is designed to prevent a collateral attack upon the action of the board therein, but leaves the defendants to their appropriate remedy of a direct attack upon the board's actions by writ of review, and is not unconstitutional as providing for the taking of private property without due process of law.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.

The facts are stated in the opinion.

*Anderson & Anderson, Anderson, Fitzgerald & Anderson*, and *Richard Dunnigan*, for Appellant.

Section 2690 of the Political Code is unconstitutional, as it provides for the taking of property without due process of law. (Cooley on Constitutional Limitations, 453; Cooley on Taxation, 22, 224, 356; *In re City of Buffalo*, 78 N. Y. 366.)

*Walter J. Hughes, George M. Holton*, and *J. R. Dupuy*, for Respondent.

Foote, C. — This action was brought in the superior court of the county of Los Angeles for the purpose of condemning the right of way for a proposed public road over the lands of the defendant corporation. It was instituted under an order made by the board of supervisors of the county, plaintiff here, under section 2690 of the Political Code, as amended March 17, 1887, which is in this language: " If any award of damages is not accepted

within ten days of the date of the award, it shall be deemed as rejected by the land-owners. The board must by order direct proceedings to procure the right of way to be instituted by the district attorney of the county, under and as provided in title 7, part 3, of the Code of Civil Procedure, against all non-accepting land-owners, and when thereunder the right of way is procured, the road must be declared a public highway, and opened as herein provided. In such suit, no informality in the proceedings of the board shall vitiate said suit, but the said order of the board, directing the district attorney to bring suit, shall be conclusive proof of the regularity thereof; and the said suit shall be determined by the court or jury in accordance with the rights of the respective parties, as shown in court, independent of said proceedings before said board."

The appellant contends that the proceedings before the board of supervisors leading up to this proceeding were void, and that therefore the superior court has no jurisdiction to hear the present .action, notwithstanding the existence of the statute just ,quoted. The contention being that if the action of the board of supervisors cannot be attacked collaterally in this, a different proceeding, that the statute in question is unconstitutional, because it provides for the taking of private property without due process of law.

If these proceedings necessarily had the effect of taking away the property of the appellant without affording any opportunity in any other legal way for the appellant to prevent this taking, by showing that the board of supervisors had not proceeded in a legal way to lay out the road for the public use for which the land in controversy is needed, there would be much force in the plaintiff's position. But such is not the necessary result of this proceeding, and all that this statute does in effect is to .establish a rule of evidence for this particular proceeding, leaving the plaintiff to his appropriate remedy of a direct attack on the action of the board before the order shall be made declaring the land taken

"a public highway and open," as by law provided. The object of the law, plainly, is not to allow, in this proceeding, a collateral attack on the action of the board of supervisors in another and distinct proceeding, formally had before them as a *quasi* court. This amounts, as above said, to nothing more than the establishment of a rule of evidence, and leaves the appellant to his appropriate remedy for a review of what he claims the unauthorized proceedings of that board. The case cited in 40 Cal. (*Damrell v. B. S. San Joaquin County*), p. 155, is not in point here. This was a proceeding by *certiorari* to review the alleged void action of the board of supervisors of San Joaquin County, and in a proper proceeding would be authority, but not in a proceeding under the statute. This view of the matter necessarily disposes of all the other points made by the appellant, and the order denying a new trial alone appealed from ought to be affirmed, and we so advise.

Vanclief, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the order is affirmed.

Sharpstein, J., De Haven, J., McFarland, J.