[No. 18337. Department Two.—November 18, 1895.]

## COUNTY OF SISKIYOU, RESPONDENT, v. CHARLES GAMLICH, APPELLANT.

HIGHWAY—CONDEMNATION OF RIGHT OF WAY—PLEADING—MORE PRACTICABLE ROUTE—INSUFFICIENT ANSWER.—In an action by a county to condemn a right of way for a public highway over the lands of defendant, by a route determined upon by the board of supervisors upon approving the report of viewers of the road, affirmative matter in the answer setting up a petition for a road over a different route upon which other viewers had reported favorably, but which the board of supervisors had rejected and refused to grant the prayer of the petition, and that the route so petitioned for forms a more direct and practicable route, and of cheaper construction than that set up in the complaint, is insufficient to constitute a defense to the action, and is properly stricken out.

Id.—Jurisdiction of Board of Supervisors—Approval of Report of Viewers—Collateral Attack.—The board of supervisors has jurisdiction to determine whether a new road is necessary or not, and, if necessary, over what route it shall be laid out and constructed; and, in laying out a public road, the board exercises judicial functions, and its order approving the report of viewers cannot be collaterally attacked on the ground that it was made upon insufficient evidence.

Id.—Evidence—Petition for Road—Testimony of Supervisor—Finding as to Qualification of Petitioner—Collateral Attack.—The petition upon which the road was established by the supervisors is admissible in evidence, and the testimony of one of the supervisors is admissible to identify the petition as the one presented to and acted upon by the board, and, if it sets forth that the parties who signed it were all freeholders of the road district, and taxable therein for road purposes, the action of the board in establishing the road is conclusive that the statements in the petition were found to be true as to the qualification of the petitioners as against a collateral attack.

Id.—Sufficiency of Proof—Nonsuit.—In an action to condemn a right of way for a road, a *prima facie* case is established by proving the presentation of a regular petition to the board of supervisors with a good and sufficient bond, the record of the board showing the appointment of viewers, the report of the viewers in proper form, and its approval, the assessment of damages, and the setting apart out of the proper fund of the money awarded defendant, his refusal for ten days to accept the same, and the order to commence suit for condemnation, and, when these facts are proved, a motion for a nonsuit is properly denied.

Id.—Record of Supervisors—Absence of Finding—Presumption of Regularity—Burden of Proof.—The mere absence from the record of the board of supervisors of an affirmative finding that the board approved the bond, and found that the signers of the petition were freeholders within the road district, does not prove that they did not so find; but the presumption is in favor of the regularity of the action of the board, and the burden is on the defendant to show affirmatively the contrary.

Id.—Inadmissible Evidence—Better Route.—An offer of the defendant to prove a shorter and more practicable route than the one sought to be condemned is properly rejected as inadmissible.

Id.—Age of Petitioners—Proof before Supervisors.—Where there is no suggestion or claim that any of the signers to the petition were minors, proof of their age or ages before the board of supervisors is not required, and testimony as to whether the board took or heard any evidence as to their age or ages is properly excluded.

Id.—Proof of Damages—Testimony of Supervisors.—The supervisors who acted upon the petition are competent as witnesses to testify as to the damages sustained by the defendant, and their testimony cannot be rejected upon the ground that their records are the best evidence of their determination as to damages.

Amendment of Answer—Discretion of Court.—An application for leave to amend an answer by adding a denial thereto is addressed to the sound legal discretion of the trial court; and its action in refusing to allow the amendment will not be disturbed, unless it appears that it abused its discretion, and that the defendant was prejudiced thereby.

Appeal from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion.

*James F. Farraher,* for Appellant.

The court erred in striking out the affirmative defense set up in defendant's answer, as it sets up new matter which, if true, would have defeated the action. (Code Civ. Proc., sec. 437; *Pasadena* v. *Stimson,* 91 Cal. 259.) The court erred in admitting the petition to the board of supervisors in evidence, as the jurisdictional facts giving the board power to act upon the petition were not proven, and the law will not presume that they existed. (Code Civ. Proc., secs. 456, 1241, 1244; *In re Madera Irr. Dist.,* 92 Cal. 335; 27 Am. St. Rep. 106; *Pacific Paving Co.* v. *Bolton,* 97 Cal. 9.) The court erred in ruling against defendant's offer to prove the existence of a shorter and more practicable route, and better in every way, than was the route condemned. (*Pasadena* v. *Stimson, supra;* Pol. Code, secs. 2681–86.) Evidence as to the qualifications of signers of the petition was both competent and material. (*In re Grove Street,* 61 Cal. 453; Code Civ. Proc., sec. 1963, subds. 15, 16, and cases cited.)

*James F. Lodge,* and *R. S. Taylor,* for Respondent.

It was the province of the board of supervisors to pass upon the practicability of, and the public necessity for, the road, and their findings in these particulars were conclusive. (Pol. Code, sec. 2690; *Tehama County* v. *Bryan,* 68 Cal. 63; *Sherman* v. *Buick,* 32 Cal. 253; 91 Am. Dec. 577; *Humbóldt County* v. *Dinsmore,* 75 Cal. 607–9.) They (the board) were acting in a judicial capacity, and such action cannot be assailed collaterally. (*Damrell* v. *San Joaquin County,* 40 Cal. 158; *Los Angeles County* v. *San Jose etc. Water Co.,* 96 Cal. 94; *Butte County* v. *Boydstun,* 68 Cal. 189.) The court did

not err in refusing to allow the appellant his proposed amendment to his answer. It was in the discretion of the court. (Code Civ. Proc., sec. 473.)

Belcher, C.—This is an action for the condemnation of a right of way for a public highway over the lands of defendant. The complaint alleges that the required petition in writing for laying out a new road, signed by at least ten freeholders of the road district in which defendant's lands are situated and taxable therein for road purposes, was presented to the board of supervisors; that the necessary accompanying bond was filed and approved by the board; that three viewers were appointed, one of whom was the county surveyor, and that two of the viewers proceeded to view, survey, and lay out said proposed road; that they filed their report, showing the course, termini, length, width, and probable cost of the road, with the names of the landowners who did not consent and the amount of damages claimed by each, and recommended its construction; that defendant would be damaged by the location and opening of the route so established in the sum of ten dollars as reported by the viewers, and that the right of way over defendant's lands was necessary for the creation of said highway; that the board approved the report, but defendant refused to accept the damages awarded him, and thereafter an order was regularly made and entered by the board directing the district attorney of the county to institute this action.

The answer denies most of the averments of the complaint, and then, as an affirmative defense, alleges that, while the hearing of the petition referred to in plaintiff's complaint was pending, a petition, signed by ten freeholders residing within the road district and taxable therein for road purposes, was filed with the board of supervisors, asking for the opening up of a road over a different route from the one set out in the complaint; that the petition was accompanied by a good and sufficient bond, which was approved by the board and filed,

and that viewers were thereupon appointed to view the proposed route and report thereon; that the viewers thereafter reported favorably upon said route, and recommended that it be declared a public highway; that the board rejected said report and refused to grant the prayer of said petition; that the route so petitioned for forms a more direct and practicable route and of cheaper construction than that set out in the complaint, and will serve all the purposes, and subserve the interests of the general public, much better than the other one.

The case was tried by the court, without a jury, and judgment of condemnation was entered as prayed for in the complaint, from which, and from an order denying a new trial, defendant appeals.

1. At the commencement of the trial counsel for plaintiff moved the court to strike out from defendant's answer the alleged affirmative defense set out therein, and the motion was granted. This ruling is assigned as error, but we think it proper. The facts set up in that part of the answer stricken out did not constitute a defense to the action. It was for the board of supervisors to determine whether a new road was necessary or not, and, if necessary, over what route it should be laid out and constructed. (Pol. Code, secs. 2681–90.) In laying out a public road, the board of supervisors exercises judicial functions, and its order approving the report of the viewers cannot be collaterally attacked on the ground that it was made upon insufficient evidence. (*Damrell* v. *San Joaquin County,* 40 Cal. 154; *Humboldt County* v. *Dinsmore,* 75 Cal. 604; *Los Angeles County* v. *San Jose etc. Water Co.,* 96 Cal. 93.)

2. Plaintiff offered in evidence the petition presented to the board of supervisors, and defendant objected to its reception on the ground that the parties who signed it were not shown to be taxpayers and taxable in the road district, and on the further ground that it had not been identified or proved to be the petition presented. The plaintiff then called as a witness Supervisor Jackson, and asked him to state whether or not the board of

supervisors took action upon the petition shown him. Defendant objected to this question on the ground that it was incompetent, and that the minutes of the board were the best evidence of the action taken.   Both objections were overruled, and these rulings are assigned as errors.

The evidence of the witness Jackson was clearly admissible to identify the petition offered in evidence as the one presented to and acted upon by the board.   In the petition the petitioners state that " we are, each and all, freeholders" of the road district, "and taxable therein for road purposes."   The action of the board shows that this statement must have been found to be true, and, for the purposes of this case, under collateral attack, the finding must be held conclusive.   There was, therefore, no error in admitting the petition in evidence.

3. The defendant's motion for nonsuit was properly denied.   To make out a *prima facie* case it was only incumbent upon the plaintiff to prove the presentation of a regular petition to the board of supervisors, with a good and sufficient bond, the record of the board showing the appointment of viewers, the report of the viewers in proper form, and its approval, the assessment of damages, and the setting apart, out of the proper fund, of the money awarded defendant, his refusal for ten days to accept the same, and the order to commence suit for condemnation.   (*Los Angeles County* v. *San Jose etc. Water Co., supra.*)

All these facts were sufficiently proved by the plaintiff.

4. Defendant offered to read in evidence, from the records of the board of supervisors, all entries and minutes made therein relating to the petition in question, for the purpose of showing that the board neither approved the bond offered in evidence by the plaintiff, nor found that the signers of the petition were freeholders within the road district.

It was objected that the absence of an affirmative showing and finding of the facts referred to could not defeat the action, and the mere absence of such findings

was all defendant here offered to show.  The court properly sustained the objection, holding that the presumption was in favor of the regularity of the action of the board, and that the burden was on the defendant to show affirmatively the contrary.

5. The defendant offered to prove that there was a shorter and more practicable route than the one sought to be condemned, and, in support of his right to do so, cites *City of Pasadena* v. *Stimson*, 91 Cal. 259.

But, as we have already said, the question of the necessity for a new road, and of its location, was a matter for determination by the board of supervisors and not by the court.  The case cited is not in point.  That was a direct proceeding for the condemnation of land, without any intermediate action taken before suit by any board or tribunal acting in a judicial capacity and passing upon the necessity and practicability of the proposed route.

6. The defendant called as a witness one of the supervisors who acted on the petition, and asked him:

"At the time it was presented, or at any time afterward, did the board of supervisors take or hear any evidence as to the age or ages of any of the parties who signed that petition?"

The question was objected to as immaterial and irrelevant, and the court asked:

" What is the object of this testimony, Mr. Farraher?"

" *Mr. Farraher.*   We want to prove that the board of supervisors heard no evidence on this proposition."

The court sustained the objection, and it is earnestly urged that the ruling was erroneous.

There was and is no suggestion or claim that any of the signers were minors, and proof of their age or ages before the board was not required.

7. Some of the supervisors who acted on the petition were called as witnesses to testify as to the damages sustained by defendant.  It is objected that their testimony was neither competent nor material; and it is said: " It was a part of their judicial duty in the prem-

ises to determine this damage, and their records were the best evidence of such determination."

The witnesses were certainly competent to testify as to the damages which the defendant would sustain by reason of the laying out of the road; and, while there was some conflict in the evidence upon the question, that introduced by the plaintiff was amply sufficient to justify the finding of the court.

8. While defendant was putting in his evidence he asked leave to amend his answer by adding thereto a denial that he was present at any meeting of the board of supervisors when the matter of opening said proposed highway was acted upon by them, or that he had any notice of the time and place set for the hearing of said matter. On objection of plaintiff the court refused to allow the amendment, and this ruling is assigned as error.

The application was addressed to the sound legal discretion of the trial court, and its action will not be disturbed, unless it appears that it abused its discretion and the defendant was prejudiced thereby. We see no such abuse of discretion as would justify a reversal of the judgment on this ground. The above are all the points requiring special notice, and, in our opinion, the judgment and order should be affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

HENSHAW, J., McFARLAND, J., TEMPLE, J.