[Civ. No. 2749. Third Appellate District.—July 8, 1924.]

MADERA SUGAR PINE COMPANY (a Corporation), Appellant, v. DAVID PRESTON ADAMS, etc., et al., Respondents.

[1] PAYMENT—PROOF OF—UPON WHOM BURDEN RESTS—GENERAL RULE —APPLICABILITY IN SUIT TO FORECLOSE MECHANIC'S LIEN. — It is the general rule that where a plaintiff has proved the creation of a debt within the period of the statute of limitations, the burden is on the defendant to prove the payment thereof, this rule being applicable in a suit against an owner to foreclose a lien for materials furnished his contractor.

---

1. See 20 Cal. Jur. 952; 17 Cal. Jur. 195; 21 R. C. L. 119.

[2] ID.—APPLICATION OF PAYMENT—BURDEN OF PROOF.—The burden of proving a particular application of a payment by either the debtor or creditor is on the party claiming that such application was made.

[3] ID.—APPLICATION CLAIMED BY CREDITOR—BURDEN OF PROOF.—The burden is on the creditor where he claims to have applied a payment to a debt other than the one in suit to prove both debts and the application of payments thereon.

[4] MECHANICS' LIENS—GENERAL ACCOUNT—PAYMENT BY CONTRACTOR—APPLICATION OF—EVIDENCE.—Where a lien claimant holding a general account against a contractor for materials furnished the latter has received payment during the existence of the obligation for which his claim of lien is thereafter filed, without applying it to any particular obligation, in a suit to foreclose his lien, in which he claims that such payment was properly applicable to some other obligation, the burden of proving facts warranting such application is upon the lien claimant, especially where the evidence of such fact is in the possession and under the control of such lien claimant and not accessible to the defendant; and such lien claimant, having failed to produce such evidence, or any evidence upon the question of the application · of said payment, is not in a position to complain of the application of said payment to the claim in suit.

[5] ID.—PAYMENT—PLEADING—EVIDENCE.—In an action by a materialman to foreclose a lien, the failure of defendants to allege in their answer facts showing that they were entitled to have two payments applied to plaintiff's claim so as to support a finding to that effect did not prejudice plaintiff, where plaintiff's demurrer to the answer did not raise such objection, and the case was tried upon the theory that the question of nonpayment was in issue and both parties produced evidence bearing thereon.

[6] ID.—APPLICATION OF PAYMENT — FINDINGS. — In such action, the trial court not having found what items of the general account held by plaintiff against the contractor were earliest in date of maturity, and there having been no evidence bearing upon that question, any finding thereon would necessarily have been against the plaintiff, upon whom the burden of proof was, and therefore it suffered no prejudice from the failure of the court to find upon the question.

(1) 27 **Cyc.**, p. 404; 30 **Cyc.**, p. 1264.   (2) 30 **Cyc.**, p. 1267.   (3) 30 **Cyc.**, p. 1267.   (4) 30 **Cyc.**, p. 1267.   (5) 4 **C. J.**, p. 1170, sec. 3196. (6) 4 **C. J.**, pp. 1059, 1060, sec. 3044.

2.   See 20 **Cal. Jur.** 944; 21 **R. C. L.** 113.
6.   See 2 **Cal. Jur.** 1032; 2 **R. C. L.** 243.

APPEAL from a judgment of the Superior Court of Madera County. Stanley Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fee & Ring and William C. Ring for Appellant.

Sherwood Green, J. W. Maloy and Oliver Dibble for Respondents.

FINCH, P. J.—Plaintiff sued to foreclose its lien for the value of materials furnished for and used in the construction of certain buildings upon town lots belonging to defendant D. P. Adams. It was given judgment against Adams in the sum of $751.71, which was $1,000 less than the amount claimed to be due, and plaintiff prosecutes this appeal from the judgment.

Munson constructed the buildings in question under an oral contract with Adams and was paid the full contract price therefor before plaintiff's notice of lien was filed. At different times as needed, from July 6 to October 9, 1922, plaintiff sold Munson materials for and which were used in the construction of the buildings of the total value of $1,751.71. Munson had buildings under construction for four other persons during the same time that he was carrying out the Adams contract and purchased materials for all of them from plaintiff. Plaintiff entered all charges for materials in a single general account with Munson, designating therein the particular job for which each item was furnished. Payments made by Munson were credited to his account generally, without applying the same to any particular item or to charges for material furnished for any particular job. Munson deposited the moneys received under all his contracts in one general bank account and drew thereon in payment of bills incurred on any job, regardless of the source from which the moneys then on deposit were received.

The evidence does not show when or in what amounts the plaintiff furnished materials for buildings other than those of Adams, or whether such materials were furnished prior or subsequent to the time that the greater part of the materials for the Adams buildings were furnished. The evi-

68 Cal. App.—8

dence shows that Munson was indebted to plaintiff prior to the furnishing of any material for the Adams job, but it does not appear in what amount or whether such indebtedness was subsequently paid prior to the particular payments hereinafter mentioned. In the latter part of July Munson was indebted to plaintiff in the sum of about $3,000, more than $1,000 of which was for materials used on the Adams job, and plaintiff requested Munson to reduce the amount of such indebtedness. The latter replied that he could probably pay something in a few days. On the first day of August Adams paid Munson something over $500 on the contract and thereafter, on the same day, Munson paid plaintiff on account the sum of $500, without stating the source from which the money was derived. Adams paid Munson an additional sum of $500 on August 23d and thereafter, on that day, Munson made plaintiff an additional payment of $500 on account. Neither Munson nor the plaintiff applied either payment to the extinction of any particular item or items of the account, and the question to be determined is the proper application of such payments.

Section 1479 of the Civil Code provides that where neither party makes such application, ''the performance must be applied to the extinction of obligations in the following order: . . . 1. Of interest due at the time of the performance. 2. Of principal due at that time. 3. Of the obligation earliest in date of maturity. . . . '' This section would afford an easy solution of the question if the evidence showed what items of plaintiff's general account with Munson were ''earliest in date of maturity.'' Since the record is silent in that regard, the issue must be resolved against the party having the burden of proof.

[1] It is the general rule that where a plaintiff has proved the creation of a debt within the period of the statute of limitations, the burden is on the defendant to prove the payment thereof. (*Melone* v. *Ruffino,* 129 Cal. 514, 518 [79 Am. St. Rep. 127, 62 Pac. 93].) This rule has been held applicable in a suit against an owner to foreclose a lien for materials furnished his contractor. (*Barrett-Hicks Co.* v. *Glas,* 14 Cal. App. 289, 300 [111 Pac. 760].) Similar rulings, under somewhat different circumstances, have been made in other states. (*Jones* v. *Mansfield Lumber & Mercantile Co.,* 97 Ark. 643 [132 S. W. 1004]; *Flexner Univer-*

*sity* v. *Strassel Gans Paint Co.* (Ky.), 112 S. W. 686.) A contrary rule is laid down in the state of Oregon. In *Bartels* v. *McCullough,* 102 Or. 66 [201 Pac. 733], it is said: "Contrary to the rule in other cases, the burden of proof of nonpayment is upon the person asserting the lien, and this is particularly the case where the contract out of which the lien arose was made with some one not the owner of the property upon which it is sought to fasten the lien."

[2] "The burden of proving a particular application of a payment by either the debtor or creditor is on the party claiming that such application was made." (30 Cyc. 1267.) [3] "The burden is on the creditor where he claims to have applied a payment to a debt other than the one in suit to prove both debts, and the application of payments thereon." (21 R. C. L. 114:) In *Davis* v. *Hall,* 70 Neb. 678 [97 N. W. 1023], it was held that while the burden was on defendant to prove payment of the notes there sued on, the burden was on plaintiff to show that an admitted payment was properly applied on a note not in suit. In *Gunther* v. *McCormick,* 60 Cal. App. 350 [212 Pac. 715], the plaintiff sued to foreclose a lien for work under three separate contracts. A payment on account had been made prior to the time the notice of lien was filed, but the record on appeal did not show whether the payment had been applied to any particular contract or to all of them. The lien was invalid as to work under two of the contracts, because not filed in time, and valid as to the third. It was held that the burden of proof was on the plaintiff to show what application was made of the payment and, in the absence of evidence on the question, the appellate court applied the payment to the contract under which the plaintiff had a valid lien. [4] Where a lien claimant has received payment during the existence of the obligation for which his claim of lien is thereafter filed, without applying it to any particular obligation, in a suit to foreclose his lien, in which he claims that such payment was properly applicable to some other obligation, it is logical to place upon him the burden of proving facts warranting such application, especially so where, as here, the evidence of such facts, plaintiff's book account with Munson, is in the possession and under the control of the plaintiff and not accessible to the defendant. By simply producing such book account the plaintiff would have enabled the court to apply

the admitted payments in accordance with the provisions of section 1479 of the Civil Code. Having failed to produce such evidence, or any evidence upon the question, the plaintiff is not in a position to complain of the application of such payments to the claim in suit.

[5] It is urged that the answer is insufficient to support the finding that Adams was entitled to have the two $500 payments applied to plaintiff's claim. The complaint alleges that the plaintiff furnished Munson materials for the Adams buildings to the value of $1,869.10 and "that the same has not been paid except the sum of $25.20 credited thereon on account of materials returned to plaintiff by said Munson and the balance of said sum, $1,843.90 together with interest . . . is past due and unpaid after deducting all just credits and offsets." The answer of D. P. and Lena Adams contains the following: "These defendants further allege that they have no information or belief as to the sums that have been paid, if any, upon said alleged account, by said C. R. Munson, and therefore deny that the sum of $1,843.90 or any sum with interest thereon . . . remains unpaid upon said account, or otherwise or at all." The plaintiff demurred generally and specially to the answer, but the demurrer was not directed specially to the objection here urged. The case was tried upon the theory that the question of nonpayment was in issue and both parties produced evidence bearing thereon. Appellate courts are forbidden to reverse a judgment "for any error as to any matter of pleading . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Const., art. VI, sec. 4½.) An examination of the record in this case shows that plaintiff suffered no possible prejudice from the error complained of.

Appellant contends that the findings are insufficient to support the judgment. The argument made in support of such contention is sufficiently answered in what has been said relative to the application of the two payments made by Munson to the plaintiff. The court found that both of those payments "were made by defendant Munson from payments made by defendant David Preston Adams to defendant Munson on the contract between" them and were "by plaintiff applied upon a general account only of defendant

Munson with plaintiff, and that said general account included items upon which said action is based, together with items on account of other jobs, viz., jobs for strangers to this suit, and that no direction was ever given plaintiff as to what application any portion of either of last two mentioned payments of five hundred dollars each should be given; and that plaintiff never made any application of any portion of either of last two mentioned payments to any specific items of said general account." [6] The court did not find what items of the general account were earliest in date of maturity. Since there was no evidence bearing upon that question, any finding thereon would necessarily have been against the plaintiff, it having the burden of proof, and therefore it suffered no prejudice from the failure of the court to find upon the question (*Hersom* v. *Hersom,* 60 Cal. App. 383 [212 Pac. 717]).

The judgment is affirmed.

Plummer, J., and Burroughs, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 4, 1924.