[Civ. No. 4408.   Fourth Dist.   Jan. 25, 1952.]

THE PEOPLE, Respondent, v. CHARLES A. THOMAS et al., Defendants; FRED F. BOTILLER et al., Appellants.

THE PEOPLE, Respondent, v. FRED F. BOTILLER et al., Appellants.

Harry M. Irwin for Appellants.

Robert E. Reed, George C. Hadley, John N. McLaurin and Herbert J .Williams for Respondent.

MUSSELL, J.—Two eminent domain proceedings were filed in Riverside County for the purpose of acquiring real property and abutter's rights of access owned by appellants and others. *People* v. *Charles A. Thomas et al.*, No. 47581, was instituted for the purpose of constructing a new limited access freeway, Road VIII-Riv-77-E, where no highway existed before, and *People* v. *Fred F. Botiller et al.*, No. 49411, for the purpose of converting the existing Santa Ana Canyon Highway, Road VIII-Riv-43-A, into a limited access freeway.

The two proceedings were consolidated for the purpose of a jury trial.

As both proceedings contained parcels of real property with identical numbers, during the trial Parcel 2 in the Thomas case and Parcel 4 in the Botiller case were consolidated and designated Parcel "A"; Parcels 3 and 4 in the Thomas case were designated Parcel "B," and Parcel "C," respectively, for the purpose of convenience and clarity. In the Thomas case Parcel 2 (also designated Parcel "A") consisting of 19.37 acres, and Parcel 4 (also designated Parcel "C") consisting of 6.81 acres, were parts of a larger parcel of 912 acres of undeveloped ranch land owned by all appellants. Parcel 3 (also designated Parcel "B") contained 15.16 acres of undeveloped ranch land and was a part of a larger parcel of approximately 26.05 acres. These various parcels are shown in color on a map in evidence marked "Plaintiff's Exhibit 13-A."

As shown on this exhibit Parcel "A" contains 19.37 acres. It is triangular in shape and from its westerly point extends easterly along the south line of existing highway (Riv-43-A) for a distance of 1,831.30 feet; thence southwesterly 914.82 feet; thence northwesterly 1,772.48 feet to the point of beginning.

A portion of Parcel "B" is narrow and wedge shaped and extends from its westerly point easterly approximately 2,100 feet to and into the junction of highways Riv-77-E and Riv-43-A. This portion is bounded on the north by the A. T. & S. F. Railway right of way and on the south by highway Riv-43-A and contains approximately 4½ acres.

Parcel "C" is also triangular in shape, with one side extending approximately 838.30 feet along a curve 50 feet south of the south right of way line of highway Riv-77-E. The highway crosses this parcel in a general east and west direction and a triangular portion of said parcel "C," consisting of 2 acres is north of the right of way line of the highway. A 50-foot strip of Parcel "C" extends along and is south of the south highway right of way line.

The jury, after hearing the evidence and viewing the premises, returned a verdict as to the fair market value of the property involved, severance damages and special benefits. A motion for a new trial was denied and this appeal followed.

Appellants first contend that the wedge shaped 4½ acres in Parcel "B" has no utility whatever for the proposed state highway; that the respondent has not done and does not

contemplate doing any work of improvement or construction in this 4½-acre portion, in the 2-acre parcel north of the right of way in Parcel "C," in the 50-foot strip south of the right of way lines in this parcel, or in a substantial portion of the 19.37-acre portion of Parcel "A." Appellants then contend that the evidence does not support the trial court's finding "that the use and purpose for which the real property and interests in the real property sought to be condemned was and is a public use authorized by law, to wit, a right of way in fee for freeway purposes, and that the taking of said real property and interests in real property was and is necessary to such public use and purpose." These contentions are both without merit.

The resolutions adopted by the California Highway Commission in each of the instant cases contain recitals that the commission finds, determines and declares that "The public interest and necessity require the acquisition, construction and completion by the State of California, acting through the Department of Public Works, of a public improvement, namely a State Highway. The public interest and necessity require the acquisition for said public improvement of the real property, or interests in real property" described therein, and that "Said proposed state highway is planned and located in a manner which will be most compatible with the greatest public good and the least private injury."

Section 103 of the Streets and Highways Code provides that:

"The resolution of the commission shall be conclusive evidence:

"(a) Of the public necessity of such proposed public improvement.

"(b) That such real property or interest there is necessary therefor.

"(c) That such proposed public improvement is planned or located in a manner which will be most compatible with the greatest public good and the least private injury."

When, as here, the state highway commission adopts a resolution declaring that public interest and necessity require the acquisition of certain real property for public improvements, that resolution becomes conclusive of such facts recited therein, and the same may not be disputed in the absence of fraud, bad faith, or an abuse of discretion. (*People* v. *Milton,* 35 Cal.App.2d 549, 552 [96 P.2d 159].)

In the instant case the appellants failed to allege specific

facts constituting fraud, bad faith or abuse of discretion. Such a pleading is necessary to raise such issues. (*People* v. *Olsen*, 109 Cal.App. 523, 531 [293 P. 645].) The contention that the portions of the property not included within the right of way lines of the highway are not suitable or adaptable or in excess of property needed for the proposed improvement raises no issue since it was for the commission to determine the necessity for the acquisition of property sought to be condemned. (*County of Siskiyou* v. *Gamlich*, 110 Cal. 94, 98 [42 P. 468].)

On plaintiff's motion, bare allegations as to fraud, bad faith, abuse of discretion and that the California Highway Commission was acting in excess of its authority were stricken by the trial court as was a third amended answer which had been filed after time to answer had elapsed and without leave of court or stipulation between the parties. Such a motion was properly granted. (*County of Siskiyou* v. *Gamlich, supra*, p. 98; Code Civ. Proc., § 453; *Silica Brick Co.* v. *Winsor;* 171 Cal. 18, 22 [151 P. 425].)

In addition to the resolutions of the highway commission, testimony was introduced by the respondent that Parcel "A," consisting of 19.37 acres, was acquired for the construction of the Chino Highway crossing over the Santa Ana Canyon Highway and for the construction of a drainage channel and to allow water to drain under the Santa Ana Canyon road onto Parcel "B" and eventually to pass through a culvert at the westerly apex of the triangle and under the railroad embankment, and that portions of Parcel "B" will be used for a "turning lane" from the Chino Highway into the Santa Ana Highway.

It was shown that the 2 acres in Parcel "C" were small, irregular in shape and in a location inaccessible to the owner and that by acquiring this portion, the appellants received the fair market value therefor by the jury's verdict and in an amount equal to any possible severance damage the appellants might have suffered if the same had not been acquired. Under section 104.1 of the Streets and Highways Code the Department of Public Works is authorized to acquire the entire parcel under such circumstances or where the shape or condition will give rise to claims or litigation concerning severance damage.

The findings and judgment as to the necessity of acquiring the various parcels are amply supported by the evidence.

Appellants next claim that they were prejudiced by the

failure of a juror on his *voir dire* examination to disclose his occupation or business employment. The testimony of the juror on such examination was as follows:

"Q. May I inquire as to your occupation? A. Retired rancher.

"Q. Mr. Wilks, I believe you testified you are a retired rancher? A. That's right."

The affidavits used on motion for a new trial state that the appellants herein discovered after the verdict was returned in the instant action that this juror was vice-president of the First National Bank of Elsinore, California, and had been employed by said bank to make appraisals of real estate for contemplated real estate loans and that the juror failed to disclose his business or occupation. However, it appears from an affidavit filed by the respondent in opposition, that the trial judge, during the course of the trial and prior to the rendition of the verdict by the jury, informed counsel for the appellants that the juror was a director of a bank. There was evidence that counsel for the appellants was put on notice of any possible incidental employment of Mr. Wilks and it appears that appellants' attorney had an opportunity to reexamine the juror if he so desired. The record fails to disclose bias or prejudice on the part of the juror. He stated that he would follow the court's instructions, particularly those pertaining to the market value and damages, and had no preconceived idea of property values in the vicinity of appellants' land. ■ Where misconduct of a juror is urged, prejudice from that misconduct must be shown. (*Anderson* v. *Pacific Tank Lines,* 52 Cal.App.2d 244, 249 [126 P.2d 153].) ■ The trial court passed upon the matter and by its denial of the motion for a new trial, determined that the alleged misconduct of the juror was not prejudicial. There is no showing of abuse of discretion. Under such circumstances, the trial court's decision will not be disturbed on appeal. (*Spadoni* v. *Maggenti,* 121 Cal.App. 147, 156 [8 P.2d 874].)

Appellants argue that special benefits were assessed against them contrary to law for the maintenance of a fence within the highway, and in this connection the court instructed the jury as follows:

"The Court instructs you that if, from the evidence adduced during this proceeding, you find that the plaintiff, the State of California, will maintain a fence at its own cost and

expense along the Santa Ana Canyon Highway upon which the defendants' property abuts, you may consider whether or not the maintenance of the fence, without cost or expense to these defendants has specially benefited the defendants' property not sought to be taken. If you find that the defendants' property has been so benefited, you may include in the form of verdict handed to you under the subject of special benefits the sum or sums of money representing your determination, if any, of the amount of such benefits.''

The jury found that certain portions of appellants' ranch land was specially benefited by the maintenance of a fence without cost or expense to them and that other portions were not. The court made findings and conclusions that said lands were specially benefited in the amounts found by the jury and entered judgment accordingly. The position taken by appellants is that since no fence is mentioned in the condemnation resolution or in the complaint, the commission is not bound to erect and maintain it. The commission was not required to set forth the details of the proposed construction in the resolution and the purpose of such resolution is to require the statement that public interest and necessity require the proposed construction and improvement and that the land sought to be condemned is necessary therefor. (Sts. & Hy. Code, § 102.) ■ It was not necessary for respondent to plead the manner or details of the construction in the complaint and it is sufficient since it met the requirements of the statute. (*County of San Luis Obispo* v. *Simas*, 1 Cal. App. 175, 178 [81 P. 972].) ■ The appellants have no vested rights to the continued existence of a state highway in a specific location or to the permanent maintenance of a fence as a part of such highway, since the highway may be relocated if, as and when necessary in the public interest. (*Holloway* v. *Purcell*, 35 Cal.2d 220, 226 [217 P.2d 665].) ■ Moreover, special benefits which may be deducted from damages are to be assessed as of the time of the taking of the property and the possibility that the benefit may subsequently be terminated by the condemnor does not preclude the deduction of the benefit, although it is properly considered in determining its value. (29 C.J.S., § 183c, pp. 1066, 1067.) Evidence was introduced in the instant case that the special provisions for the project called for a four-strand, barbed wire fence on steel posts; that a portion of the fence had been constructed; that it was an integral part of the highway and would be maintained by the respondent. The evidence

also shows that the fences were constructed for the purpose of physically restricting access to the freeway, and that they are an integral part thereof. We find no error in the instruction given and conclude that the evidence supports the finding of the jury and the judgment of the court as to special benefits.

Appellants next contend that the instruction given by the trial court excluding any damage for severance of access rights by the taking of Parcel 4 is contrary to the law. The instruction complained of is as follows:

"For the purposes of determining the severance damages, if any, to the remaining portion of defendants' 912 acres by virtue of the taking of only Parcel C, you are not to consider that said remaining acreage at any time had direct access, including ingress and egress, in and to State Highway No. 77, referred to in these proceedings as the New Chino Freeway.

"Accordingly, it would be improper for you to include in your verdict any sum or sums of money whatsoever which would be based upon the fact that the defendants' remaining acreage had direct access to and from the New Chino Freeway."

The evidence shows that no highway existed in the location of Parcel 4 prior to the construction of the freeway and it is apparent that appellants never had an existing easement of access to state highway Road VIII-Riv-77-E, or any other highway and since no property right was acquired, they have no supportable claim for damages. A "freeway" is defined as a highway in respect of which the owners of abutting lands have no right or easement of access to or from their abutting lands or in respect to which such owners have only limited or restricted right or easement of access. (Sts. & Hy. Code, § 23.5.) The resolution passed by the Highway Commission did not create in appellants' property a new right of access to a freeway to be constructed where no highway, conventional or otherwise, existed before. (*City of Los Angeles* v. *Geiger*, 94 Cal.App.2d 180 [210 P.2d 717].) As was there said, at page 191:

"There can be no detriment to a right which never existed and no compensation for a loss not sustained. The construction of the freeway improvement did not cause defendants to lose an easement for access to Cahuenga Boulevard since it had never been acquired. Manifestly plaintiff cannot be

required to pay damages for injury to a nonexistent right or for a mere hope, surmise or expectancy that a right might possibly be obtained in the future. (*Colusa & Hamilton R. R. Co.* v. *Leonard,* 176 Cal. 109, 125-127 [167 P. 878].) . . ."

The argument is advanced by appellants that the condemnation of appellants' right of access to Parcel 4 is unauthorized and contrary to law. There is no merit in this argument. ▮ The construction of freeways or limited access highways is within the statutory authority of the State Highway Commission and the Department of Public Works. (*Holloway* v. *Purcell, supra,* pp. 228, 229.) Section 102 of the Streets and Highways Code empowers the department in the name of the People to condemn real property or interest therein which it is authorized to acquire. Under section 145 of the Streets and Highways Code "The State Highway Engineer is authorized to pay out and construct local service roads on and along any State Highway where there is particular danger to the travelling public of collision due to vehicles entering the highway from the side or sides thereof and to divide and separate any such service road from the main thoroughfare by raised curbs or dividing sections or by other appropriate devices." ▮ While the map used to show the proposed construction contained a notation that the 50-foot strip adjacent to the highway running through Parcel "C" was for "proposed U. S. Government road connection," maps attached to a complaint do not determine the amount of land necessary to be condemned. This must be determined from the averments in the complaint. (*People.* v. *Milton, supra,* p. 553.)

▮ Appellants complain that reversible error was committed in that no verdict was returned or finding made on the issue of damages for severance of Parcel 4. No evidence was introduced upon this issue. The appellants had the burden of proof as to such severance damage, if any, and the fair market value. (*Reed Orchard Co.* v. *Superior Court,* 19 Cal.App. 648, 661 [128 P. 9, 18].) Since no direct evidence was introduced upon the issue, the finding is properly against the party who has the burden of proof. (*Monterey County* v. *Cushing,* 83 Cal. 507, 510 [23 P. 700].) No prejudice resulted from the failure of the court or jury to find upon the issue of damage for severance of this parcel. (*Madera Sugar Pine Co.* v. *Adams,* 68 Cal.App. 111, 117 [228 P. 544].)

A review of the entire record before us fails to disclose

prejudicial error affecting the substantial rights of the defendants. Under such circumstances, the judgment must be and is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 18, 1952, and appellants' petition for a hearing by the Supreme Court was denied March 24, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.