[Civ. No. 17791.   First Dist., Div. One.   May 2, 1958.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. ANTHONY G. LAGISS, Appellant.

John A. Nejedly for Appellant.

Robert E. Reed, Holloway Jones, Jack M. Howard and Harry C. Miller for Respondent.

BRAY, J.—Defendant appeals from a judgment in a condemnation action awarding him $10,000 for property condemned for highway purposes.

### QUESTIONS PRESENTED

1. Did defendant stipulate that the taking of the entire parcel was necessary?

2. Did defendant's answer plead a cause of defense?

3. Did the court err in denying defendant's offer of proof that the Highway Commission was acting in bad faith?

4. Did the filing of the third amended answer in effect waive error in sustaining of demurrer to prior answers?

### RECORD

After adoption by the California Highway Commission of the resolution of public interest and necessity required by section 102, Streets and Highways Code, this action was brought to condemn for highway purposes (among lands of other defendants not interested in this appeal), a parcel of land in Contra Costa County belonging to defendant. Defendant answered, denying that the whole of the parcel was needed by plaintiff for highway or any public purpose. The answer set up a description of a portion of the parcel which defendant alleged only was needed. He further alleged that the commission in passing its resolution acted in bad faith

and abused its discretion in that it knew or should have known that only a portion of the parcel was needed for any public purpose; that it is apparent from the face of the complaint that only the portion between the highway lines shown on the map was necessary and that there are no plans for or possible use of the remainder of said parcel; that the commission and the department had no independent knowledge of the public necessity in acquiring all of said parcel and that its acquisition was for the sole purpose of depriving defendant of compensation justly due him, also to harass him, as plaintiff well knew defendant wished to retain that portion of the parcel not needed for the public improvement, and to coerce defendant into accepting a sum for the taking substantially less than the fair market value of the land actually needed for the improvement.

A motion to strike the allegations of the answer concerning bad faith was granted and a demurrer to the answer sustained with leave to amend. Defendant filed an amended answer containing the same allegations as the first answer. Again plaintiff moved to strike these allegations and the motion was granted.

Defendant then filed a second amended answer containing the same allegations plus one to the effect that plaintiff determined to take the property for the purpose of harassing defendant as plaintiff submitted to defendant "a stipulation in which the plaintiff would acquire only the above described portion of said parcel provided that the defendant would waive any rights to severance damage from the taking of only a portion of the larger parcel. . . ." Again, a motion to strike these allegations was granted.

On the first day of the trial, in chambers, defendant stated he desired to file a third amended answer, and made an offer of proof that an employee of the Right of Way Section of the Division of Highways would testify that the taking of the entire parcel was not necessary for the public right of way, that a portion of it was not needed and that the employee and a counsel for the division offered to stipulate that the property not needed for the public right of way would be excluded from the action provided defendant would stipulate that no severance damages would be claimed. The court denied the offer on the theory that the defendant could not go behind the resolution. Thereupon, after striking out of the third amended answer, at the court's order, an allegation that the portion of the parcel actually required was of the

value of $35,000, and the value of the portion not needed was $18,000, and inserting the figure of $53,000 as the value of the parcel sought to be condemned, that answer was filed. It contains no allegations of bad faith or that the entire parcel was not needed, other than a denial of the allegations of the complaint.

### 1. *Stipulation.*

At the end of the proceeding in chambers defendant stipulated to ''the fact of the existence of the resolution duly and regularly passed laying out the public necessity.'' Thereupon plaintiff stated that it would not offer the resolution in evidence. This admittedly was the only stipulation on the subject. Unfortunately, the minutes of that day went way beyond the stipulation as made. They show that defendant stipulated not only to the fact of the passing of the resolution but that he stipulated to the necessity for the taking of the entire parcel for highway purposes and to other matters which would preclude defendant from raising the question herein considered. Obviously a minute order may not enlarge the terms of a stipulation as actually made. Plaintiff's contention that we are bound by the minute order's purported interpretation of the stipulation rather than by the stipulation itself is not well founded. The stipulation as made did not conclude defendant from attacking anything other than the fact that the resolution was duly adopted.

### 2. *Answer.*

Before determining the effect of the court's denial of defendant's offer of proof, it is necessary that we determine the validity of defendant's plea of bad faith and lack of public purpose in the proposed use.

Section 103, Streets and Highways Code, declares that the commission's resolution declaring the public interest and necessity is *conclusive* evidence (a) of the public necessity of the proposed improvement, (b) that the real property described is necessary therefor, and (c) that the proposed improvement is planned or located in a manner which will be most compatible with the greatest public good and the least private injury. This, of course, does not preclude a court from determining whether the use described in the resolution is a public use. Nor is the truth of the findings declared in the resolution immune from judicial inquiry if tainted by fraud, bad faith or abuse of discretion. (*City of La Mesa* v. *Tweed & Gambrell P. Mill,* 146 Cal.App.2d 762, 777 [304 P.2d

803] ; *People* ex rel. *Dept. P. W.* v. *Schultz Co.,* 123 Cal.App. 2d 925, 941 [268 P.2d 117] ; *People* v. *Thomas,* 108 Cal.App. 2d 832, 835-836 [239 P.2d 914].)

To present such an issue, one must plead it. (*People* ex rel. *Dept. P. W.* v. *Schultz Co., supra,* 123 Cal.App.2d 925, 941, and cases there cited.)  ''. . . bare allegations as to fraud, bad faith, abuse of discretion and that the California Highway Commission was acting in excess of its authority'' are not sufficient. (*People* v. *Thomas, supra,* 108 Cal.App.2d 832, 836; *County of Siskiyou* v. *Gamlich,* 110 Cal. 94, 98 [42 P. 468].)  ''. . . specific facts constituting fraud, bad faith or abuse of discretion'' must be pleaded. (*People* v. *Thomas, supra,* at p. 836.)  Here defendant did plead such facts as that the commission knew that only a portion of the land was needed for a public purpose, that it included the whole parcel knowing that he wanted to use a portion of it, that it did it to coerce him into taking less than the fair market value of the property.

When defendant alleged that the commission acted in bad faith and abused its discretion by passing the resolution reciting a need for the whole of this parcel when it knew there was no need for a portion of it and had no plans for its use and did so to harass the defendant (and the other similar allegations recited earlier in this opinion), he clearly and specifically pleaded fraud, bad faith and abuse of discretion.

The court erred in striking from defendant's answers the allegations above mentioned and in sustaining demurrers thereto. This brings us to——

### 3. *Defendant's Offer of Proof.*

As defendant should have been permitted to plead his charge of bad faith, abuse of discretion and lack of public purpose, so should he have been permitted to prove the same. In *City of La Mesa* v. *Tweed & Gambrell P. Mill, supra,* 146 Cal.App.2d 762, the trial court refused to permit evidence similar to that contained in defendant's offer of proof, to be admitted on the theory that it was inadmissible because made in negotiation for compromise.  The reviewing court stated (p. 777) : ''Evidence of facts tending to show fraud and bad faith on the part of the city were admissible in this action as proof of the allegations contained in the defendants' amended answer, even though the events related occurred during negotiations to effect a compromise seeking acquisition of the 40-foot strip in question. The honesty and good faith

of the city was not an issue in controversy at the time of these negotiations, and it made no admissions with respect thereto in order to effect a compromise. ■ The fact that statements are made or incidents take place during negotiations to effect a compromise, does not justify exclusion of evidence relating to the same if such evidence otherwise is admissible. [Citations.] ■ It would not be competent to admit an offer of compromise as such; however, 'the declaration therein of facts involved in the controversy which are not mere concessions made for the purpose of such offer, but are statements of independent facts, are admissible against the party making them.' [Citation.] Plaintiff's objection properly was overruled.''

■ The evidence offered comes within the above ruling. Whether such evidence showed merely an offer of compromise or an indication that the action of the commission was in bad faith would be determined at the trial after the exact testimony is given. As a matter of pleading it is the averments in the complaint as to the amount of land necessary for the use that controls (*People* v. *Milton,* 35 Cal.App.2d 549, 553 [96 P.2d 159]), and the mere fact that the map attached to the complaint indicates that the right of way to be used does not cover the entire parcel does not show that the entire parcel is not needed for the public purpose. Moreover, ''The contention that the portions of the property not included within the right of way lines of the highway are not suitable or adaptable or in excess of property needed for the proposed improvement raises no issue since it was for the commission to determine the necessity for the acquisition of property sought to be condemned. (*County of Siskiyou* v. *Gamlich,* 110 Cal. 94, 98 [42 P. 468].)'' (*People* v. *Thomas, supra,* 108 Cal.App.2d at p. 836.) Such facts become important only where it can be shown that the commission acted in bad faith or abused its discretion. See *Los Angeles County Flood Control Dist.* v. *Jan,* 154 Cal.App.2d 389, 394 [316 P.2d 25].

We have no record of the proceedings at the trial to determine what issues were raised. Plaintiff in its brief says it has authority to take the entire parcel under sanction of section 104.1. Whether it officially proposed to do so, its complaint herein does not inform us. For aught that appears in the record, the state may have claimed it needed the so-called ''excess'' portion of defendant's parcel (that portion which lies outside of the lines of the proposed highway, shown on the maps attached to the complaint) for purposes specified in section 104 of the Streets and Highways Code (for parks,

for support of trees or for drainage), for purposes mentioned in section 104.3 (conveyance with reservations concerning further use and occupation) or in section 104.6 (for future needs), or for other uses sanctioned by other provisions of law. That, doubtless, on a new trial will develop when defendant submits his evidence of fraud, bad faith and abuse of discretion, if plaintiff still claims good faith and tenders evidence on that issue.

If at the trial the state invokes section 104.1 as justification for the taking of the "excess" portion, it will need to show that such portion of defendant's parcel is "of little value to" him or that leaving title thereto in him will "give rise to claims or litigation concerning severance or other damage." (§ 104.1.) Perhaps it would have to prove both. The "or" between the two quoted phrases may mean "and." (We express no opinion on this subject.) Such issue would, we think, be justiciable. It goes to the question whether the proposed taking is for a public use. That determination depends upon the facts in each case. For example, a strip of land of the size here involved (segment in shape, and being 1,566 square feet—the entire parcel sought to be condemned contains 7,272 square feet) might or might not be "of little value to its owner." The determination of such a question cannot be left to the conclusive say-so of an administrative agency of the condemning body, when the question of fraud, bad faith and abuse of discretion is in issue. The defendant conceivably might show a valuable use for a strip the size of that here involved, a potentially important factor in determining whether the taking of this strip would be a taking for the use defined in section 104.1, in case the state in due course and upon the record invokes that section.

These are all matters to be determined at the trial.* ██ ". . . the mere declaration by the legislature of a purpose for which property may be taken for a public use is not conclusive and does not preclude a person whose land is being condemned from showing upon the trial that, as a matter of fact, the use sought to be subserved is a private one, or from assailing the complaint on the ground that it so appears therefrom. The character of the use and not its extent, determines the question of public use." (*Stratford Irr. Dist.* v. *Empire Water Co.*, 44 Cal.App.2d 61, 67 [111 P.2d 957].)

*Defendant contends that section 104.1 is unconstitutional. Until a trial is had wherein the application of the section becomes an issue, the question of constitutionality cannot be properly raised.

### 4. *Waiver.*

As above stated, defendant filed a third amended answer in which there were no allegations of fraud, abuse of discretion or bad faith. Ordinarily this would have constituted a waiver of any error of the court in dealing with prior answers. (*Gale* v. *Tuolumne Water Co.,* 14 Cal. 25, 28; *Brittan* v. *Oakland Bank of Savings,* 112 Cal. 1, 2 [44 P. 339].) Technically, there was before the court at the trial now no pleading of fraud, etc. However, here defendant had tried unsuccessfully three times to get his defense before the court. His prior answers alleged the value of the property to be taken as $35,000, on the basis that it was only the property which defendant alleged was necessary to be taken. He desired, when the court had refused to allow him to prove his claim of bad faith, to allege the value of the whole parcel, and it was for this purpose that the third amended answer was filed. It was identical with his second amended answer as that answer existed after the court had stricken from it the allegations of bad faith, etc.

The wiping out of prior pleadings is not always the effect of filing amended pleadings. The court in *Redington* v. *Cornwell,* 90 Cal. 49, 60-61 [27 P. 40], holding that a prior complaint can be considered in determining when an action was filed, stated: "It has been said in a number of cases that an amended pleading supersedes the original; but I think a careful examination of those cases will show that it was only intended to *decide* that the amended pleading superseded the original for certain specified purposes, and only to the extent of the amendment. Beyond this, whatever may have been said is mere *dictum.* But in none of the cases has it been even said that the original is not a part of the judgment roll; nor has it been decided that an original complaint is superseded for the purposes of showing when the action was commenced, and whether or not a new or different cause of action was introduced by the amendment. For the purpose of determining these questions, and perhaps others that may arise, which often become material on appeal, the amended complaint can by no possibility supersede the original." See also *Gray* v. *Hall,* 203 Cal. 306, 310 [265 P. 246]. There is apparently no magic in the rule, and the effect of the filing of the amended pleading depends upon the situation presented by the particular case.

Plaintiff argues that no exception should be made here because the defendant had other alternatives than the course he took. Defendant, who, in view of the court's rulings,

needed to amend his answer in order to allege a value for the whole property (his prior answers merely alleged the value of only the portion of the parcel which he contended was needed) could have added to the third amended answer the matter which the court had ruled out, and thereby could have obtained another adverse ruling. Such procedure would have been cumulative merely to what had gone before. The desirability, from any point of view, of including the thrice-stricken allegations, has not been suggested. There is no possibility that plaintiff was misled as to the defendant's position, or that defendant, in adopting the procedure that he did, intended to waive his right to object to the court's rulings.

There are various cases where, in regard to errors occurring during the course of the trial, an appellant does not have to risk all in order to preserve an objection on appeal but may engage in defensive conduct. Thus he need not make a formal objection once his position is made clear to the court. (*Leibman* v. *Curtis*, 138 Cal.App.2d 222, 225 [291 P.2d 270].) He may introduce responsive evidence to explain or offset erroneously admitted evidence without waiving the objection to introduction of the evidence (*Hoel* v. *City of Los Angeles*, 136 Cal.App.2d 295, 310 [288 P.2d 989]); he may offer rebuttal on an issue in response to evidence admitted over objection that it is outside the issues (*De Roulet* v. *Mitchel*, 70 Cal.App.2d 120, 125 [160 P.2d 574]); he may cross-examine on inadmissible matter without waiving his objection to its admissibility (*Jameson* v. *Tully*, 178 Cal. 380, 384 [173 P. 577]; see also 3 Witkin, California Procedure, pp. 2258, 2260). These cases, involving the countering of possibly prejudicial error by defense action, seem more applicable to the present case than the rule evolved from waiver of formal objections to pleading by amendment of the pleading.

Under the circumstances of this case the filing of the third amended answer did not constitute a waiver of defendant's right to present the defense herein discussed, inasmuch as defendant should have been permitted to present that defense.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 29, 1958, and respondent's petition for a hearing by the Supreme Court was denied June 25, 1958. Gibson, C. J., Traynor, J., and Spence, J., were of the opinion that the petition should be granted.