[Civ. No. 281. Third Appellate District.—February 23, 1907.]

J. W. WATKINS and W. B. THURMAN, a Copartnership, etc., Respondents, v. FRANK GLAS, Jr., and W. H. GLAS, Appellants.

PARTY-WALL—CONTRACT FOR CONTRIBUTION—PLEADING—GRAVAMEN OF COMPLAINT.—In an action to recover one-half of the cost of the erection of a party-wall, under a written contract to contribute one-half thereof to the one actually building the wall, the gravamen of the complaint is the building of the wall by one coterminous owner, and the use thereof by the other, without contributing his part of the cost of erection.

ID.—PAYMENT OF COST OF WALL IMMATERIAL.—It is not necessary to aver that the party erecting the wall has paid the cost of its erection, before the action for contribution under the contract therefor is brought, nor is it a defense that plaintiff has not paid the cost of erection to the builder employed to erect it.

ID.—UNCERTAINTY IN PLEADING—GENERAL DEMURRER.—Where the complaint is sufficient as against a general demurrer, the fact that some of its averments are uncertain cannot be considered where no special demurrer for uncertainty was interposed.

ID.—SUFFICIENCY OF COMPLAINT—PARTY-WALL AGREEMENT—APPRAISEMENT OF COST BY AGREED ARCHITECT.—A complaint which alleges the agreement of the parties to bear an equal proportion of the expense of the erection of the wall, that it was erected by one of them, that the cost thereof was appraised by the architect agreed upon between the parties, and the notification to defendants of such appraisement, and alleges that defendants are making use of the wall, and have not paid their share of the burden of its erection, is sufficient as against a general demurrer.

ID.—RELATION OF DEBTOR AND CREDITOR—ASSIGNABILITY OF RIGHT OF ACTION.—The complaint shows the relation of debtor and creditor between the parties, and the party erecting the wall became vested with a right of action against the other party, which was assignable, and enforceable by the assignees, subject to any defense or counterclaim against the assignor.

ID.—DEFENSE UNPROVED—CONCLUSIVE FINDING.—Where no evidence is offered upon a defense pleaded, the finding that the allegations of such defense are untrue is unassailable.

ID.—ORDER OF PROOF—OPENING OF CAUSE—MOTION OF DEFENDANT—JUDGMENT PLEADED IN ABATEMENT AND IN BAR—DISCRETION.—Where the *onus* was upon plaintiff to prove the averments of the complaint denied by the answer, the court properly exercised its discretion in denying a motion of defendant to open the case first by proving a former judgment pleaded in bar and in abatement of the action. The proper time for such proof was after plaintiff had proved his case; and where defendant then failed to make such proof, the plea cannot be considered.

ID.—EVIDENCE—CONTRACT BY CORPORATION WITH PLAINTIFF TO BUILD WALL—ASSIGNMENT BY CORPORATION—PRIMA FACIE EXECUTION.—A contract between a corporation, party to the party-wall agreement, and the plaintiffs to construct the party-wall was admissible to show the fact of its construction thereunder; and the assignment by the corporation to the plaintiffs, executed by its president and secretary, and attested by its corporate seal, was a *prima facie* showing of a due execution thereof, which was sufficient, in the absence of other evidence overcoming it.

ID.—ERROR IN AGREED APPRAISEMENT—BURDEN OF PROOF.—If there was
    any error or mistake in the agreed appraisement, which appears
    to have been conducted in accordance with the terms of the party-
    wall agreement, the burden was upon the defendants to show it.

ID.—SUPPORT OF FINDINGS AND JUDGMENT.—*Held,* that the evidence
    sufficiently supports the findings and sustains the judgment for
    plaintiffs.

APPEAL from a judgment of the Superior Court of Madera
County, and from an order denying a new trial. M. L. Short,
Judge.

The facts are stated in the opinion of the court.

W. H. Larew, for Appellants.

Francis A. Fee, for Respondents.

HART, J.—The plaintiffs brought this action to recover from
the defendants the sum of $475 alleged to be due under an
agreement for the erection of a party-wall. The plaintiffs, it is
alleged, became the owners of the claim against the defend-
ants under an assignment of the same to them by Wehrman
& Meilikie, a corporation, incorporated and organized under
the laws of California. Wehrman & Meilikie, in their cor-
porate capacity, and the defendants were the owners, respec-
tively, of adjoining lots in Block No. 40 of the town of Madera,
in the county of Madera. Having in view the erection of
brick structures, with a party-wall on the line of their re-
spective properties, upon said lots, the said corporation and
the defendants, on the ninth day of October, 1903, entered
into an agreement in writing, by the terms of which said par-
ties were to bear in equal proportion the actual cost of the
erection of such party-wall. This agreement is made a part
of the complaint and is inserted *in haec verba* in the findings.

On the thirty-first day of October, 1903, the said Wehrman
& Meilikie, corporation, entered into a written contract with
plaintiffs, by the terms of which the latter agreed for and
in consideration of the sum of nineteen hundred and three
($1903) dollars, to erect and complete within a certain desig-
nated period of time, on the land of said corporation men-
tioned in the said party-wall agreement, a one-story brick
building, 25x80 feet in dimensions, with "a party-wall on

the easterly side thereof, and being the party-wall referred
to in the agreement of October 9th, 1903, aforesaid, and to
furnish all of the labor and materials necessary for the erec-
tion, construction and completion of said building, including
said party-wall.'' The complaint alleges that the said sum
of $1903 for which plaintiffs agreed to erect said building,
did not include the defendants' one-half of the cost of the
construction of the party-wall. The building, the erection
of which was thus contracted for, was completed by the first
day of February, 1904. Prior to the commencement of this
action, the said corporation, Wehrman & Meilikie, in the lan-
guage of the complaint, ''by an instrument in writing, and
under its corporate name and seal, and in pursuance of a
resolution of its Board of Directors duly adopted and entered
upon its minutes, authorizing the same, assigned and trans-
ferred to the plaintiffs its said account, claim and demand
against the defendants, arising by reason of the construction
of said party-wall as provided in said agreement of October
9th, 1903, together with all its rights to receive from said
Frank Glas, Jr., and W. H. Glas, the one-half cost of said
party-wall.''

The facts of the transaction are fully set out in the com-
plaint. A general and special demurrer to the complaint
was overruled. The point urged under the special demurrer,
involving the question of the running of the statute of limita-
tions against the action, seems not to have been well taken,
and, in fact, is not urged here. The complaint is verified.

The answer specifically denies the averments of the com-
plaint, except that it admits that ''the easterly wall of the
building, erected by Wehrman & Meilikie, and referred to in
the complaint as 'the party-wall,' was erected partly upon the
lands of defendants and partly upon the lands of Wehrman &
Meilikie,'' and then sets up a special defense, alleging that
the party-wall was not so ''constructed as to be useful and
beneficial to the defendants equally with Wehrman & Meilikie,
but, on the contrary, defendants allege that said party-wall,
so-called, was not so constructed that the defendants could
properly connect their buildings therewith,'' and then charges
that ''defendants' building afterward joined thereto (the
party-wall) was badly cracked and damaged to the loss and
damage of defendants in the sum of $500,'' etc. The de-
fendants also set up, by way of a special plea in bar, a judg-

ment alleged to have been made and entered on the seventh day of November, 1905, in their favor and against the plaintiffs, in an action in which these plaintiffs were plaintiffs and the defendants, Frank and W. H. Glas, and Wehrman & Meilikie, corporation, were defendants, "upon and on account of the same action set forth in plaintiffs' complaint herein; that said judgment was rendered and entered after the trial of the action upon its merits." The same judgment is pleaded in abatement of this action, and in this connection the answer alleges that said judgment is not final and the action, therefore, still pending, because the "six months within which an appeal may be taken therefrom" have not expired.

The party-wall agreement, which is the basis of this action, or so much thereof as is material to the controversy, reads: " . . . Now, therefore, in consideration of the premises it is agreed, that either the party of the first part (Wehrman & Meilikie) or the parties of the second part (defendants) may construct and complete the said party-wall, and it is agreed that if the party of the first part constructs and completes said party-wall, that the parties of the second part will, upon completion thereof, pay to the said party of the first part, the one-half (½) of the actual cost of the erection and completion of said party wall, *vice versa,* it is agreed that if the parties of the second part erect and complete the said party-wall, the said party of the first part will, upon completion thereof, pay to the parties of the second part, the one-half (½) of the actual cost of the erection and completion of said party-wall, and it is further agreed, that the westerly one-half of said party-wall shall be the property of the party of the first part, and that the easterly half of said party-wall shall be the property of the parties of the second part, and it is agreed that the value or actual cost of the erection and completion of said party-wall shall be fixed and determined by Julian Mourot, Architect of Modesto, California, and we agree to conform to and abide his decision and valuation of the same."

It is stated in the complaint that "after the completion of said building and said party-wall, and on or about the first day of February, 1904, said Julian Mourot did, in pursuance of said agreement of October 9th, 1903, ascertain and determine that the one-half of the cost of the erection and construction of said party-wall, was the sum of $475," and

that defendants on or about the same date were notified that that sum had been by Mourot ascertained to be one-half of the actual cost of the party-wall. The answer does not traverse this allegation, but merely denies that the sum mentioned or any other sum is due or owing the plaintiffs on account of the construction of the party-wall.

Plaintiffs were given judgment, from which and from the order denying a motion for a new trial this appeal is taken.

Appellants contend that the complaint does not show that the corporation, or assignor of plaintiffs, had acquired any right from the defendants which they could assign. The right arising under the party-wall agreement is, it is claimed, the same as that accruing to a surety who, having satisfied the obligation of the principal debtor, may sue to require his cosureties to contribute their shares of the burden, and that, therefore, the failure of the complaint to show that the assignor of the plaintiffs had actually paid the contractors for the entire cost of the party-wall and thus had paid out money for and on behalf of defendants on account of the cost of the erection of such wall, renders it amenable to the objections of the demurrer. In other words, it is urged that this is nothing less than an action by a surety against his cosurety for contribution, and that the complaint falls short of stating a cause of action because it does not appear therefrom that the assignor of plaintiffs has expended any money for which he is entitled to contribution or reimbursement by the defendants. In their opening brief, appellants state their position, and it may best be presented in their own language: "This is an action against the defendants to compel the payment of contribution by the defendants on account of a party-wall erected by the plaintiffs at the instance of Wehrman and Meilikie. It is settled law that an action for contribution will not lie until actual payment has been made by the party entitled to receive the contribution—in this case Wehrman & Meilikie, a corporation. Having actually paid nothing on account of the defendants, Wehrman and Meilikie could not themselves have maintained an action for contribution against the defendants. It follows they had no right of action to assign."

The first question is whether the court erred in its order overruling the demurrer. The complaint is not a carefully drafted pleading, for it is not altogether free from the criti-

cism of uncertainty. A special demurrer to this point was not interposed, however, and we think its averments and the manner thereof sufficient to withstand the attack of a general demurrer.

It is, of course, clear that the duty of contribution to which a coterminous owner of a party-wall may become liable and that of the contribution to which a surety is entitled at the hands of his cosureties upon his extinguishment of the obligation of the principal debtor both originate in the equitable consideration that those who have assumed a common burden ought to bear it equally. In the very nature of the case, as between cosureties, one is not entitled to contribution until he is damnified by actual payment and it is settled that he has paid more than his share. It is, in other words, only where one surety has discharged the entire burden that he is authorized to maintain an action against his cosureties to compel contribution of their just proportion of the obligation. In the case before us the same event, in principle, has occurred, which would authorize a surety to institute suit. As we have seen, in the principles from which the duty of contribution in both cases arises there is no distinction. The only difference perceivable between the two is in the manner of the discharge of the "principal obligation." As in the case of a surety suing for contribution he must necessarily plead and prove that he has discharged the principal obligation or paid more than his share of the debt, so in the case of the party erecting the wall he must plead and prove that he has erected the wall or caused it to be erected, and that the defendant has made use of it without contributing his part of the cost of its erection. In an action by a surety against his cosureties it would not for a moment be conceived to be necessary for him to allege that he had not borrowed the money with which to extinguish the common obligation. It would make no difference, so far as his cause of action was concerned, whether he had or not, and of course it could be no defense against his claim to say that he had. So, in an action for contribution for a party-wall, we do not understand it to be required that the plaintiff shall allege that he has actually paid the cost of the erection of the wall, and we do not apprehend that it would be a defense against such contribution to say that the party erecting the wall has not settled with or paid the builder for the labor and materials

bestowed upon its construction. In other words, in a suit for contribution by a surety against his cosureties, the gist of the action is essentially the payment by the plaintiff of the money due under the principal obligation. There is, of course, in such case no other cause for damnification than the fact of having been compelled to discharge a burden which it was not incumbent upon him to bear alone. On the other hand, in an action for contribution for a party-wall the gravamen of the complaint is the building of the wall by one and its subsequent use by the other coterminous owner. In such case, the injury or damnification suffered by the plaintiff is in the fact of having built the wall and its subsequent equal use without compensation by the defendant.

The complaint in the case before us alleges the agreement between the parties to bear an equal proportion of the expense of the erection of the wall. It alleges that the wall was erected by one of said parties—the assignor of the plaintiffs—and avers that the cost thereof was appraised by the architect upon whom the parties had agreed should perform that office, and the notification of defendants of such appraisement, and alleges that the defendants have made use and are making use of the wall, and have not paid their share of the burden of its erection. We think that this was sufficient to fortify the complaint against the attack of the demurrer. The allegations of the complaint show that by reason of the obligation flowing from the party-wall agreement the relation of debtor and creditor was established between the defendants and the corporation, and that the latter thereby became vested with a right of or chose in action against the former. It is not questioned that a thing in action is assignable, and it cannot be doubted that the corporation in this case had a right to assign its claim as a chose in action against the defendants to plaintiffs. (Civ. Code, sec. 954; *Burlock* v. *Peck,* 2 Duer, 98), or that such a claim may be assigned either for a valuable consideration or for the purposes of collection, subject, of course, to any defense, setoff or counterclaim which might have been interposed in a suit upon the claim by the original owner. (Code Civ. Proc., secs. 368, 440.)

There are other specifications of error, some of which involve the point we have been discussing and of which we have disposed against the contention of appellants. There was no proof offered upon the special defense that the wall was so

defectively constructed as to have caused damage to the building of defendants by adjoining the building to the wall, and there is, therefore, no attack upon the finding of the court that the allegations of such special defense are untrue. It is urged that the court erred in refusing to permit appellants to introduce in evidence a certain judgment in support of their special pleas in abatement and in bar of the present action. The transcript shows the following proceeding upon this point: "The defendants moved the court that they be permitted to open the cause by introduction of evidence in support of their plea in abatement and plea in bar. The motion was denied by the court, and defendants excepted." The ruling was proper. (Code Civ. Proc., sec. 607.) Trial courts, in the exercise of their discretion,. may depart from the orderly procedure prescribed by that section for the conduct of a trial; but error cannot ordinarily be predicated upon their refusal to do so. The onus was, of course, upon the plaintiffs to prove the issue tendered by the pleadings, and the court was proceeding only in the orderly way when it refused to grant the motion of counsel, and required plaintiffs to first present their case. No effort was subsequently made during the progress of the trial to introduce the alleged judgment in evidence. The proper time for its offer was after the plaintiffs had closed their case. We cannot speculate as to what the ruling of the court might have been had the judgment been offered in evidence at the proper time. If it had been pertinent to the issue raised by the special pleas set up by the answer no doubt it would have been admitted.

The contract between the corporation and the plaintiffs for the construction of the building of the former was admitted in evidence, over an objection that "the evidence was irrelevant, incompetent, immaterial and contained nothing tending to establish a right of recovery in the plaintiffs." The contract contains, of course, a provision specifying the extent of the work to be done, and shows that under its terms the contractors were to erect the party-wall in question. As· a circumstance tending to show the fact of the construction of the wall by the contractors under their contract with the assignor of plaintiffs, the instrument was properly admitted in evidence. Nor is there any force in the objection to the admission in evidence of the assignment to plaintiffs by Wehrman & Meilikie of the claim against the defendants. The spe-

cific objection to this evidence is that "no assignment was proven in the manner required by section 1940 of the Code of Civil Procedure." The assignment was signed by the president and secretary of the corporation and attested by its corporate seal. This was a *prima facie* showing of the due execution of the instrument, and in the absence of other evidence overcoming it was sufficient. There was no proof offered by the defendants that the assignment was not what it purported to be.

The attack upon the appraisement of the cost of one-half of the erection of the party-wall by the architect agreed upon by the parties cannot be sustained. Defendants were notified of the appraisement made by the architect at or near the time the same was made. There is no challenge of this appraisement in the answer, nor was there any evidence offered in support of the objection here made to it. The facts as disclosed by the pleadings and the evidence do not sustain appellants in the declaration that the appraisement is void upon its face. It appears to have been conducted substantially in accordance with the terms of the party-wall agreement. If there was any error or mistake prejudicial to the defendants by such appraisement, the burden was upon them to show it. This they have not done.

The fourth finding of the court is assailed upon the ground that there is no evidence in the record to sustain it. The part of the finding to which objection is made is that the one-half of the cost of erecting and completing said party-wall to be borne and paid for by the defendants "was not a part of said consideration sum of $1903, but was in addition thereto." The "consideration sum of $1903" referred to is the amount for which the contractors agreed to erect the building of the corporation. The contention of appellants is that there is no evidence to warrant the finding. There is considerable discussion in the briefs upon this point, the basis of which is the affirmation of the fact by the plaintiffs and its denial by the defendants in the pleadings. And it might be suggested that the position of counsel for defendants upon this question, considered in connection with his contention as to the prerequisites necessary to establish a right of action in the assignor of plaintiffs, is disingenuous. If, as he contends, the item of the half of the cost of the construction of the party-wall, to be borne by defendants, was included in

the consideration price of $1903 paid by the corporation for the construction of its building, what becomes of his position attempted to be maintained both upon the demurrer and upon a review of the evidence that the assignor of plaintiffs had acquired no right of action, and consequently nothing that it could assign, because it had paid nothing for defendants on account of their half of the cost of the party-wall? But in our view of the case and of the legal relations existing between the parties, as heretofore expressed, the proposition is immaterial. We have held that the erection of the party-wall by the assignor of plaintiff and the subsequent use thereof by the defendants created a liability in favor of the former against the latter. This, as we have endeavored to explain, was upon the theory that the contractors, having under their contract with their assignor constructed the building of the corporation, including the party-wall, could legally look to no one for compensation for the entire wall but the corporation. Its buildings having been erected previous to the construction of the building of the defendants, it was necessary for it to build the entire wall. It is, therefore, in our conception of the case, unimportant whether or not the half of the cost of the wall to be paid for by the defendants was included in the ''consideration price of $1903'' for the erection of the building of the corporation, for, as we have said, the fact remains that, in any event, so far as this record shows, the corporation was legally bound to pay for the erection of the entire wall. The contract for the construction of the corporation's building contained a proviso to the effect that the cost of one-half of the party-wall was to be paid for by defendants. The record does not disclose the specific reason why that proviso was inserted in the contract between the plaintiffs and the corporation. The testimony of J. W. Watkins, one of the plaintiffs, shows that the contracts for the erection of both buildings were awarded at about the same time. Plaintiffs did not secure the contract for the erection of the building of the defendants. If it were important to find the reason, the insertion of that proviso in the contract might be accounted for upon either one of two theories; the one that the parties to that contract were under the belief that the plaintiffs would also secure the contract for the erection of the building of the defendants; the other, that the proviso was designed as an assign-

ment to plaintiffs of the claim of the corporation against the defendants for the latter's half of the cost of the wall. But whatever may have been its purpose, or the reason for its insertion in the contract, we repeat that we are of the opinion that the fact which the proviso, as is claimed by respondents, tends to prove, is of no importance or materiality—that is, the fact of whether or not the item of the half of the cost of the wall to be borne by the defendants was included in the sum of $1903.00, paid by the corporation to plaintiffs for the construction of its building. If, however, the finding is of any importance, we think the testimony of Mr. Watkins sufficiently supports it.

There are no other assignments of error, except that it is declared in a general way that the evidence does not sustain the judgment. All of the evidence, with the exception of that of Mr. Watkins, was of a documentary nature. There was no evidence offered by the defendants. We think the judgment is well supported by the evidence. We have reached a conclusion in this case upon a somewhat different theory from that presented by the attorneys in their briefs. We have preferred to confine ourselves in the determination of the principal point in issue to a consideration alone of the history of the entire transaction as disclosed by the record evidence. It is clear that the wall was erected by the plaintiffs under a contract with their assignor. It is of course equally clear that the plaintiffs are entitled to their pay for the work, and that the defendants should, from every consideration of equity and fair dealing, under the circumstances presented by the record, be required to pay their just proportion of the expense incurred in the erection of the wall, cannot be disputed.

The judgment and order are affirmed.

Burnett, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1907.