[Civ. No. 12105.  First Dist., Div. Two.  Apr. 24, 1942.]

FRED SPANFELNER, Respondent, v. ROBERT MEYER, Appellant.

Pugh & Pugh for Appellant.

Curtiss E. Wetter for Respondent.

DOOLING, J. pro tem.—Respondent had judgment quieting his title to a parcel of land of less than one acre, which was part of a larger tract conveyed to respondent's brother by deed of appellant and his wife in 1928. In this transaction it is admitted that respondent's brother was acting as agent and naked trustee for respondent and the property was subsequently conveyed to respondent by his brother. Appellant cross-complained, alleging that the parcel of land here in dis-

pute was included in the description in the deed by mutual mistake of the parties and praying for a reformation of the deed in that particular.

■ Appellant in his opening brief made the claim that there was no evidence of title in respondent. Respondent in his brief points to a stipulation in the transcript of the deed to respondent's brother in 1928 signed by appellant and his wife, and of a deed from the brother to respondent in 1933, both describing the property in suit. In view of this stipulation there is nothing in this claim of appellant.

■ Appellant further urges that his wife was a necessary party defendant. This point was not made in the trial court, but it is appellant's position here that she was a necessary party because she was one of the grantors in the deed to respondent's brother and it is claimed that it must be presumed that she had a community property interest in the land conveyed. It does not affirmatively appear in the record that this land was community property, but assuming it to have been it does affirmatively appear that appellant acquired his title before July 29, 1927, the effective date of section 161a of the Civil Code. ■ Whatever may be the law since the adoption of that code section it is settled that a wife has no vested interest in community property acquired before that date (3 Cal. Jur. 10-Yr. Supp., p. 592; *McKay* v. *Lauriston*, 204 Cal. 557 [269 Pac. 519]) and that "as to community property acquired previous to 1927 her joinder in a deed thereof is in legal effect but an expression of her assent to the transfer by the husband." (*Riley* v. *Gordon*, 137 Cal. App. 311, 315 [30 P. (2d) 617].)

■ The main ground urged for a reversal is the alleged refusal of the trial court to admit into evidence a prior contract between appellant and two vendees named Ovelman for the sale and purchase of the tract later conveyed to respondent, in which contract the land here in dispute was expressly excluded from the land to be conveyed. At the time the offer of this document was made, which was almost at the opening of appellant's case, the trial judge said:

"I was about to say I would let it be marked for identification and then see if there is any evidence to tie it into this matter or not. It may be admitted later or may not. I will see what further is shown. If it is part of the transaction or something that occurred there that day it will probably be admitted but I wil¹ defer it for a little while and see further from the

evidence. It will be marked Defendant's Exhibit A for Identification.''

This ruling not only was not final but it left the door wide open for appellant to offer the contract again at a later stage of his proof. Appellant points to no place in the transcript where the offer of this document was renewed and a reading of the transcript shows no renewal of the offer. ''Where evidence is excluded when offered with the statement by the court that it may be offered later, failure again to offer it waives any error.'' (26 R. C. L. 1040.) ''Where the court rejects evidence temporarily or withholds a decision as to its admissibility, the party desiring to introduce the evidence should renew his offer, or call the court's attention to the fact that a definite decision is desired.'' (64 C. J. 127.) See 4 C. J. S. 583; *Risdon* v. *Yates,* 145 Cal. 210, 216 [78 Pac. 641] ; *McKissick Cattle Co.* v. *Anderson,* 62 Cal. App. 558, 569-570 [217 Pac. 779] ; *Watkins* v. *Glas,* 5 Cal. App. 68, 76 [89 Pac. 840] ; *Rickards* v. *Noonan,* 40 Cal. App. (2d) 266, 275 [104 P. (2d) 839] ; *Kern County Fin. Co.* v. *Iriart,* 26 Cal. App. (2d) 483 [79 P. (2d) 763].

Appellant says at the close of his reply brief: ''With said evidence (the Ovelman contract) before the Court, mutual mistake was proven, without it Meyer was powerless to overcome the legal consequences of his deed to Spanfelner.''

In view of our conclusion that appellant cannot complain of the tentative refusal of the trial court to admit this contract into evidence in the absence of a showing that it was later again offered and a definite and final ruling obtained, this concession makes it unnecessary to further extend this opinion.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.