[Civ. No. 22430.   Second Dist., Div. One.   Oct. 14, 1957.]

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent, v. PETER JAN et al., Defendants; ROBERT WANAMAKER, Appellant.

Stapel & Golay, John Ruskin Lane and Douglas J. Stapel for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Baldo M. Kristovich, Assistant County Counsel, for Respondent.

FOURT, J.—This is an appeal by defendant Robert Wanamaker from a judgment in favor of plaintiff in a condemnation action.

The plaintiff brought an action in eminent domain to take a number of parcels of real property for the construction, operation and maintenance thereon of a permanent channel and appurtenant works to carry, control and confine the flood, storm and waste waters of the Rio Hondo Channel. Among the parcels to be taken was one known as parcel 70, which consisted of a strip about 250 feet wide, from property owned by appellant and on which he operated an airport.

The complaint set forth, among other allegations, the following:

"IV

"That the public interest and necessity require the acquisition by the plaintiff, for public uses and purposes authorized by law, of the fee simple title in and to Parcels . . . 70 . . ., for the construction, operation and maintenance thereon of a permanent channel and appurtenant works to carry, control and confine the flood, storm and other waste waters of the Rio Hondo Channel, from approximately 450 feet northerly of Rosemead Boulevard to Lambert Avenue, in the County of Los Angeles, State of California. . . ."

"VI

"That the property hereinafter described and sought to be condemned herein, as aforesaid, has not heretofore been appropriated to any public use, other than as a natural channel over a portion thereof, . . . and that the proposed public improvement thereon has been planned and located in a manner which is and will be most compatible with the greatest public good and the least private injury."

After describing the portion of appellant's property sought to be taken the prayer of the complaint requires the defendant to set forth the nature, character and extent of his estate in the parcel sought to be condemned and severance damages, if any, to the remainder by reason of the taking of the property and the construction of the improvements thereon in the manner proposed by the plaintiff.

Appellant demurred to the complaint upon the grounds that it was ambiguous, unintelligible and uncertain in that it could not be ascertained therefrom, (1) what is meant by "permanent channel," (2) what is meant by the expression "appurtenant works," (3) where, how, in what manner, or if at all a "permanent channel" and "appurtenant works" to carry, control and confine the flood, storm and other waste waters of the Rio Hondo Channel will be constructed, (4) when, or if at all, the construction will be commenced or completed, (5) how, or in what manner the proposed public improvement has been planned or located "so as to be most compatible with the greatest public good and the least private injury," and (6) what plan, if any, has been adopted by plaintiff for the proposed construction.

The demurrer was overruled and, although appellant was given 20 days within which to answer, he declined to do

so and plaintiff thereafter caused the default of the appellant to be entered and secured a judgment. This appeal is from that judgment.

Appellant contends that he was unable to prepare a proper answer to the complaint because of the uncertainty in it— that he must know just where on the 250 foot strip to be taken the channel will be constructed, how wide it will be, how high are the sides, what is the elevation of the bottom of the channel with respect to the rest of the land, what are the appurtenant works and where will they be located and what size will they be. Further, appellant asserts that if he were to engage experts to help him develop the information he needs, he would do so at his own risk, and if the action be abandoned he could not recover his expenses because he should have secured the needed information by demurring. Also, he asserts that before he can allege ''excess condemnation'' he must know the size and location of the project and the works to be constructed, and he makes the same claim with reference to severance damages.

We believe that there is no merit to the contentions of the appellant. Section 1244 of the Code of Civil Procedure sets forth the requirements of a complaint in condemnation. The complaint here contains all of the requirements mentioned and set forth in such section.

We do not believe that it is necessary or required to allege in a complaint in condemnation the manner in which the land is to be used or the details of the improvement to be constructed. Such matters are evidentiary. (Code Civ. Proc., § 1244.) In *County of San Luis Obispo* v. *Simas,* 1 Cal.App. 175, the court said, at pages 178-179 [81 P. 972]:

''Upon the appeal from the judgment it is urged that the court erred in overruling defendants' demurrer to the complaint, which is claimed to be insufficient in that it did not specify the manner in which plaintiff proposed to construct the road; and upon the appeal from the order denying a new trial error is claimed because the court refused to require plaintiff to state to the jury the manner in which the improvement was proposed to be made. Section 1244 of the Code of Civil Procedure, which undertakes to state what such a complaint shall contain, does not specify this requirement. The proceeding being only for the purpose of acquiring a right of way for a public road, the mere taking of the property, the damage to the remainder by severance alone, questions as to the damage to abutting property on account of subsequent

improvements by establishing grades, or otherwise, are matters for determination when such damage is inflicted. To hold otherwise would be to say that before condemnation the supervisors must determine in advance the grades and the manner of improving all public roads as a condition precedent to condemnation, which we do not think is authorized." (See also *Vallejo etc. R. R. Co.* v. *Home Sav. Bank*, 24 Cal.App. 166 [140 P. 974] ; *People* v. *Thomas*, 108 Cal.App.2d 832 [239 P.2d 914] ; *United States* v. *72 Acres of Land*, 37 F. Supp. 297, 299 ; *City of Oakland* v. *United States*, 124 F.2d 959, 964.)

■ No limit is set by the complaint upon the improvements which may be placed on the land sought to be condemned excepting that it is to be taken for the "construction, operation and maintenance thereon of a permanent channel. . . ." The condemner has not, in the complaint, limited itself to a specified plan of construction or a specified use of the property. The rule is that under such circumstances severance damage to the property not taken would be based upon the use which most fully utilizes the property taken and inflicts the most serious damage to the property not taken. (5 Nichols on Eminent Domain, § 16.1, pp. 1-2; *Hamaker* v. *Pacific Gas & Elec. Co.*, 59 Cal.App. 642, 645 [211 P. 265] ; *Chesapeake & H. Ry. Co.* v. *Snyder*, 38 Ohio App. 279 [175 N.E. 750].)

■ Appellant could have answered the complaint, alleging severance damages based upon such a rule as above set forth, keeping in mind that the total value of the part taken and the severance damage to the remainder would not exceed the market value of the entire parcel. The appellant knew the market value of his own land, the entire parcel, and he could have alleged that amount. If the respondent did not desire to pay such an amount it could so prove at the trial or stipulate. (*Spring Valley W. W.* v. *Drinkhouse*, 92 Cal. 528, 535 [28 P. 681] ; *People* v. *Thomas, supra; Vallejo etc. R. R. Co.* v. *Home Sav. Bank, supra,* p. 173.)

By the nature of things such a rule as above is required in eminent domain proceedings to avoid a multiplicity of actions. A condemner does not always have prepared all of its plans for construction of the improvement at the time it is advantageous to commence the action. On occasion, changes in plans are made between the time of the filing of the complaint and the time of trial, or the time of construction of the improvement. ■ Furthermore, a condemner is not necessarily limited to the property which will barely suffice for the immediate requirements. Properly, the condemner

has the right to condemn for future needs. (*Vallejo etc. R. R. Co.* v. *Home Sav. Bank, supra,* p. 174.) If the condemner elects to acquire property with an unlimited permitted use and permits the damages to be assessed on the basis of maximum use and the most injurious mode of construction, it can later enlarge the use as future needs require or change the type of improvements without subjecting itself to a later suit. (*Spring Valley W. W.* v. *Drinkhouse, supra,* p. 533; *Hamaker* v. *Pacific Gas & Elec. Co., supra,* p. 646.)

The complaint in the instant case sets forth that a resolution was adopted by the board of supervisors of the plaintiff wherein it was set forth that a fee simple was necessary for the proposed use. Under subdivision 4, section 1239, Code of Civil Procedure, such is conclusive evidence of the necessity for the taking of the fee simple. It is apparent that appellant's contention to the effect that he must know the details of the proposed construction to the end that he could ascertain whether there was an excess condemnation is without merit. Such an issue can properly come before a court only if it is alleged in the answer that the condemner acted fraudulently, in bad faith, or abused its discretion. (*People* v. *Milton,* 35 Cal.App.2d 549, 552 [96 P.2d 159].)

A denial that the taking is necessary for the public use intended puts in issue the matter of whether the taking is necessary for the particular use and whether for present or future use. The burden is then on the condemner of proving the necessity thereof. (*Spring Valley W. W.* v. *Drinkhouse, supra,* p. 532.)

Appellant has placed considerable reliance upon the case of *City of Inglewood* v. *O. T. Johnson Corp.,* 113 Cal.App.2d 587 [248 P.2d 536]. However, in that case the complaint was fatally defective because it did not comply with section 1244 of the Code of Civil Procedure. In the case at hand all of the information required by the above-mentioned section is set forth in the complaint. Appellant also cites *County of San Mateo* v. *Christen,* 22 Cal.App.2d 375 [71 P.2d 88], in which the question was whether the necessity of constructing protective works must be alleged in the answer. There was no question about the sufficiency of the complaint.

Appellant's last contention that the amount awarded on the default judgment was inadequate, in our opinion is without merit. At the time the condemner took possession of the property there were filed certain affidavits to the end that such property could immediately be possessed, wherein

it was set forth that the property was valued at $2,370. The affidavit was not filed or used for the purpose of determining market value, but for the purpose of determining the amount of security which was necessary to protect the owner.

The minutes of the court recite that evidence, both oral and documentary, was received at the default hearing.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 6, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1957.