[Civ. No. 6452. Fourth Dist. Aug. 1, 1961.]

SAN DIEGO GAS AND ELECTRIC COMPANY (a Corporation), Respondent, v. LUX LAND COMPANY (a Corporation) et al., Defendants; JOHN H. ENGEL et al., Appellants.

474

476

John H. Engel and Alice B. Engel, in pro. per., for Appellants.

Luce, Forward, Hamilton & Scripps, Jack W. Crumley and Robert E. McGinnis for Respondent.

COUGHLIN, J.—This is an action in eminent domain by which the plaintiff, the respondent herein, seeks to acquire an easement over the property of the defendants Engel, the appellants herein, for an electrical transmission line, a gas line, and a telephone line. The issues of public use and necessity were tried before a judge without a jury, who found in favor of the plaintiff. The compensation issue was tried before a different judge by a jury which fixed the defendants' damages in the sum of $7,201. Judgment of condemnation was entered accordingly, and the defendants have appealed therefrom. On appeal, the defendants have segregated their contentions into two general groups, i.e., (1) those involving the public use and necessity issue, and (2) those concerning the compensation issue.

### Public Use and Necessity Issue

With respect to the public use and necessity issue, in substance, the defendants contend that the judgment should be reversed because the plaintiff has failed to plead or prove (1) that the acquisition of the easement was authorized by the plaintiff's board of directors; (2) that the proposed easement has been located in the manner most compatible with the greatest public good and the least private injury; (3) that a certificate of public convenience and necessity to construct the proposed improvement had been obtained from the Public Utilities Commission; (4) that the acquisition sought is for a public use; and (5) that it is necessary for the proposed improvement.

The complaint did not allege that the plaintiff had obtained authority from its board of directors to bring this action. The defendants claim that because of this omission the complaint fails to state a cause of action. This contention is without merit. (*Kern County Union High School Dist.* v. *McDonald,* 180 Cal. 7, 10 [179 P. 180]; *Central Pacific Ry.*

*Co.* v. *Feldman,* 152 Cal. 303, 308 [92 P. 849]; *Los Altos School Dist.* v. *Watson,* 133 Cal.App.2d 447, 449 [284 P.2d 513].) ■■ Even if it be assumed that proof of such authorization, independent of any pleading thereof, is a condition precedent to commencement of this action, the evidence shows that prior to such commencement the plaintiff's board of directors had approved several annual budgets contemplating construction of the proposed improvement, and the trial court was entitled to infer that it contemporaneously approved acquisition of the subject easement in whatever legal manner was necessary to accomplish the same. In addition, during the trial of the issue of public use and necessity the plaintiff's board of directors did adopt a resolution authorizing the maintenance of this action. That the action was authoritatively commenced and maintained appears without conflict. The asserted error does not appear.

■■ The defendants also contend that there is no showing that the proposed easement was located in a manner most compatible with the greatest public good and the least private injury. There is adequate substantial evidence in support of the finding of the trial court favorable to the plaintiff on this issue; the defendants' objection goes to the weight of the evidence rather than its sufficiency as a matter of law. ■■ On appeal the court is required to accept that evidence and those inferences reasonably deducible therefrom which will support the judgment even though there is other evidence and other inferences which might support a contrary judgment. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Church of Merciful Saviour* v. *Volunteers of America,* 184 Cal.App.2d 851, 856 [8 Cal.Rptr. 48].)

■■ "The selection of a particular route is committed in the first instance to the person in charge of the use, and unless there is something to show an abuse of the discretion, the propriety of his selection ought not to be questioned; for certainly it must be presumed that the state or its agent has made the best choice for the public, and if this occasions peculiar and unnecessary damage to the owners of the property affected, the proof of such damage should come from them.'' (*City of Pasadena* v. *Stimson,* 91 Cal. 238, 255 [27 P. 604]; cf. *Housing Authority* v. *Forbes,* 51 Cal.App.2d 1, 7 [124 P.2d 194].)

There is no showing that the plaintiff abused its discretion in selecting the subject route for its power line. The defendants' objection is without merit.

The alleged errors with respect to the insufficiency of the pleadings and proof to show that the proposed use of the subject easement was a public use, and that a certificate of public convenience and necessity had been issued which authorized the contemplated construction, and the necessity of the taking for such use may be considered together. The complaint alleged that the plaintiff was a corporation authorized to generate, manufacture and distribute electricity and gas; that heretofore it had constructed and now maintains substations at Carlsbad and at Escondido; that it was essential to construct an electric power line between these substations for the purpose of additional power between them; that it was necessary to acquire the proposed easement in order to construct a line for the transmission of such electric power, and also to maintain gas pipe lines to transport gas to the area along the right-of-way, as well as for telephone, signal and communication purposes; that the public interest, convenience and necessity demanded the acquisition of the easement in question; and that the taking of such easement was necessary for the aforesaid purposes. Among other things, the complaint in an eminent domain action must show that the use to which the property taken "is to be applied is one authorized by law and that the taking is necessary to such use." (*Linggi* v. *Garovotti,* 45 Cal.2d 20, 26-27 [286 P.2d 15].) Section 1238 of the Code of Civil Procedure designates the public uses in behalf of which the right of eminent domain may be exercised; included are uses for electric power lines necessary for the transmission of electricity (Code Civ. Proc., § 1238, subd. 13), gas lines for the transmission of gas (Code Civ. Proc., § 1238, subd. 17), and telephone lines. (Code Civ. Proc., § 1238, subd. 7.) A comparison of the allegations of the complaint respecting the proposed use of the subject easement with the aforesaid code provisions establishes the sufficiency of the complaint to allege a use authorized by law and, the circumstances pleaded establish that this use was for the public benefit. (*Tuolumne Water etc. Co.* v. *Frederick,* 13 Cal. App. 489, 501-503 [110 P. 134].) The necessity for the acquisition of this easement for such use may be alleged in general terms, and the allegations with respect thereto in the subject complaint comply with present requirements. (*Linggi* v. *Garo-*

*votti, supra,* 45 Cal.2d 20, 27.) Nevertheless, the defendants contend that, in the instant case, the issuance of a certificate of public convenience and necessity by the Public Utilities Commission was a condition precedent to the construction in question (see Pub. Util. Code, § 1001); that unless such a certificate had been issued there was no necessity for the taking; and, for this reason, an allegation of such issuance was essential to an adequate allegation of necessity. However, under the rules of pleading heretofore noted, the general allegation of necessity was sufficient; the specific allegation contended for was not essential. The contention in question ignores the distinction between essentials in pleading and essentials in proof. ▋ If a certificate of convenience and necessity is a condition precedent to construction of the proposed improvement the materiality thereof as proof upon the issue of necessity would be apparent. Section 1001 of the Public Utilities Code, which is the basis for the defendants' contention, provides that no electric, gas or telephone corporation "shall begin the construction of . . . a line, . . . or any extension thereof, without having first obtained from the commission a certificate that the present or future public convenience and necessity require or will require such construction" but, in substance, excepts therefrom "an extension within or to territory already served by" the corporation. The evidence in the instant case establishes that the plaintiff, pursuant to a certificate of public convenience and necessity theretofore issued, had been providing electricity to the Escondido area; that the demands in that area had increased; and that the purpose of the proposed construction was to provide lines which would carry electricity from its Carlsbad substation to its Escondido substation to meet the increased needs. Therefore, insofar as the construction in question concerned an extension of the plaintiff's electrical services, an additional certificate of convenience and necessity as a condition precedent to such construction was not required. On the other hand, there is no proof that the plaintiff supplied gas and telephone services to the Escondido area and preliminary to any construction for these purposes such a certificate would be required. However, we need not determine whether the issuance of a certificate of public convenience and necessity is a condition precedent to the acquisition of an easement necessary to the construction of a gas line or telephone line because there is no evidence in this case which will support a finding that the

plaintiff contemplates the use of such an easement. To the contrary, a vice president of the plaintiff corporation testified that there were no present plans to lay new gas lines along the proposed right-of-way although the right to do so was being sought. The substation at Carlsbad adjoins a steam generating plant, operated by natural gas and fuel oil, and it is suggested that at some time in the future a gas line might be installed on the right-of-way in question for the purpose of conveying gas to the steam generating plant, but there is no evidence respecting the source of the gas supply used at this plant and the suggestion obviously is a matter of conjecture. In this regard it is noteworthy that the plaintiff's complaint alleges that it is necessary to construct these pipe lines along the rights-of-way it seeks to acquire in order to convey gas to the area in the vicinity thereof so that the inhabitants of this area may be served with gas for fuel, and no allegation appears respecting the need to use a gas line for the transmission of gas to its steam plant. Likewise, the only testimony presented in connection with the acquisition of an easement for telephone lines indicates no present intention to install any such lines. There was no testimony respecting any future contemplated installation of either gas or telephone lines. It is apparent that the plaintiff seeks a gas line easement and a telephone line easement, along with an electric line easement upon the same property only to cover the possibility of a need therefor some time in the future. ▮▮▮ The right of a public utility to acquire property through eminent domain proceedings for a public use, although not limited to its present needs, extends only to those future needs which are fairly anticipated. (*Kern County Union High School Dist.* v. *McDonald, supra,* 180 Cal. 7, 14; *Central Pacific Ry. Co.* v. *Feldman, supra,* 152 Cal. 303, 309; *Spring Valley Water Works* v. *Drinkhouse,* 92 Cal. 528, 532 [28 P. 681]; *City of Hawthorne* v. *Peebles,* 166 Cal.App.2d 758, 761 [333 P.2d 442]; *Los Angeles Flood Control Dist.* v. *Jan,* 154 Cal.App.2d 389, 393 [316 P.2d 25]; *Vallejo etc. R. R. Co.* v. *Home Sav. Bank,* 24 Cal.App. 166, 174 [140 P. 974]; *Northern Light etc. Co.* v. *Stacher,* 13 Cal.App. 404, 407-408 [109 P. 896].) Under the rule as stated, the finding of the trial court that the acquisition of the electric line easement was necessary is adequately supported by the evidence. However, the finding that the acquisition of the gas line easement or the telephone line easement was necessary is without any evidentiary sup-

port; the public may never receive any benefit from the acquisition of these easements by the plaintiff. ▬ It may be that the additional burden attached to the right-of-way which is taken from the defendants by its use for electric, gas and telephone lines, would be small in comparison with the burden incident to its use for electric lines only, and that the damage from the taking would not be substantially increased if the right-of-way were used for all three purposes rather than one purpose, nevertheless, the extent of the easement which the plaintiff may acquire by eminent domain proceedings is limited to that which is necessary for a public use; the defendants may resist any other taking; and the plaintiff may not legally acquire an interest in the defendants' property which is not necessary to a public use by including it with an interest which is necessary for such a use. ▬ The use of the property to furnish the public with gas and telephone services is a public use, but the taking of the defendants' property by the plaintiff for this purpose is not necessary to such a use because the plaintiff has no present or prospective plans to use it for that purpose.

### Compensation Issue

The defendants' chief complaint with respect to the trial of the issue of compensation is that it did not result in an adequate award. The jury found that the value of the easement sought to be acquired, which covered 1.56 acres of the defendants' land, was $4,201 and the amount of severance damages resulting from the taking of the easement was $3,000. Judgment for $7,201 was entered accordingly. This judgment is adequately supported by substantial evidence.

▬ In support of their claim that the judgment should be reversed because of errors occurring in the trial on the issue of damages, the defendants claim, in substance, that the appraisers who testified on this issue did not consider all of the elements of damage sustained by the defendants and did not segregate these elements; that these appraisers were permitted to testify to similar transactions on direct examination; and that the defendants were not permitted to show their intended future use of the property, or the sale price of contiguous property. On the whole, these objections concern the qualifications of the appraisers who testified, the elements considered by them, and the weight to be given their testimony. The record does not support any of the objections which the

defendants make to these matters. The appraisers were qualified to give their opinions with respect to the items of damage under consideration. Whether their qualifications were such that the jury should have accepted their testimony is not a question for determination on appeal. The elements of damage to be awarded in a case such as the one under review include the value of the property sought to be condemned and, in the event that property is part of a larger parcel, the damages which will accrue to the remainder by reason of its severance from the portion taken and the construction of the improvements in the manner proposed by the plaintiff. (Code Civ. Proc., § 1248.) The verdict of the jury properly segregated these items of damage and made the awards heretofore noted. The defendants contend that the appraisers did not consider a large number of factors which they should have considered, i.e., unsightly towers, damage to view, shape of remaining land, and interference with radio reception, and for this reason their opinions did not support the verdict. They also contend that the amount of damage attributable to these factors should have been separately assessed. Whether, under the circumstances, the appraisers should have considered the factors noted and the effect of nonconsideration thereof upon their opinions were questions of fact for the jury to determine. Any consideration given to these factors was related to the damage arising from the severance of the easement from the larger parcel owned by the defendants or the manner of construction of the proposed improvements, and were not separately assessable items of damage. The objection that the appraisers testified on direct examination concerning comparable sales as a reason for their opinion, is not well taken. (*County of Los Angeles* v. *Faus*, 48 Cal.2d 672 [312 P.2d 680].)

For the purported purpose of proving the sales price of contiguous lands, the defendants offered in evidence photostatic copies of a map, an escrow statement and a deed; no foundation was laid for their admission; neither the identity or the authenticity of the originals were established; nor was there an offer to prove that the sale in question involved property comparable in value to that owned by the defendants. (See *County of Los Angeles* v. *Faus, supra,* 48 Cal.2d 672, 678.) The plaintiff objected to the introduction of these documents in evidence, and the ruling of the court sustaining this objection was proper. These documents again were offered in evidence at the close of the case, but no foundation for their

admission was produced and an objection to their admission again properly was sustained.

After the original offer of the foregoing documents, the defendant, John H. Engel, attempted to testify about a sale of neighboring land; an objection to a question concerning the acreage of a purported sale was sustained; the question was defective in that it assumed a fact not in evidence, i.e., that the land in question had been sold; the defendant indicated that he desired to prove a comparable sale; however, no further offer of proof was made and the record does not disclose whether, if the objection to the question under consideration had been overruled, the testimony adduced would have established a foundation for the proof of a comparable sale or whether the defendant was prepared to prove a comparable sale material to the issue before the court. The court said: "I will sustain the objection at the present time. There is a way to do this."

The defendant did not pursue the matter further. No offer of proof having been made, this court cannot determine whether the answer to the particular question to which objection was made, or the testimony concerning an alleged comparable sale, would have been relevant or material, or would have been beneficial to the defendants' case. (*MacDonnell* v. *California Lands Inc.*, 15 Cal.2d 344, 348 [101 P.2d 479]; *Towt* v. *Pope*, 168 Cal.App.2d 520, 536 [336 P.2d 276].)

Furthermore, the court's ruling was not final and the failure of the defendants thereafter to seek admission of this testimony, under the circumstances, constituted a waiver of any error. (*Spanfelner* v. *Meyer*, 51 Cal.App.2d 390, 392 [124 P.2d 862]; *Zellers* v. *State*, 134 Cal.App.2d 270, 277 [285 P.2d 962].) It is noteworthy that thereafter Mr. Engel testified respecting the value of his property but did not give any comparable sale as a reason for his opinion.

The defendants, as owners of the property sought to be condemned, were not entitled to prove their intention with respect to its future use as an element of damage; "there can be no allowance for enhanced damage which an owner 'would suffer by reason of being prevented from carrying out a particular scheme of improvement, existing only in contemplation at the time of the trial.' " (*People* v. *La-Macchia*, 41 Cal.2d 738, 751 [264 P.2d 15].)

The defendants' contention respecting the alleged errors

occurring during the trial of the compensation issue are without merit.

## OTHER CONTENTIONS

 Upon the *voir dire* examination of the jury, it developed that a prospective juror was the father of an employee of the plaintiff corporation; the defendants challenged this juror for cause; in response to pertinent questions the juror assured the court that his son's employment by the plaintiff would not affect his decision, which he would base on the evidence, and that if he were in the position of the defendants he would be satisfied to have his case tried by 12 jurors with his frame of mind; and the court denied the challenge. This action is assigned as error.

 "In passing on the qualifications of a juror, the trial judge has a sound discretion to accept or reject him upon the evidence adduced." (*Scott* v. *McPheeters*, 52 Cal.App.2d 61, 65 [125 P.2d 868].)

 The only basis for a challenge for cause presented by the instant circumstances was that of implied bias; the relationship between the respective juror and an employee of the plaintiff company was not a ground for challenge (Code Civ. Proc., § 602; *Hoffman* v. *Southern Pacific Co.*, 101 Cal. App. 218, 232 [281 P. 681]); and the finding of the trial court on the issue of bias, being supported by substantial evidence, is determinative. (*Trenor* v. *Central Pac. R. R. Co.*, 50 Cal. 222, 230.) No abuse of discretion appears; no error occurred.

 In their closing brief, the defendants contend that the trial judges were disqualified to act, citing Code of Civil Procedure, section 170, subdivision 6. The plaintiff is not a "public agency" within the meaning of the provisions of the cited section; the disqualification noted does not apply to the case at hand; the objection is without merit.

## CONCLUSION

The appeal before us is from the judgment of condemnation entered on April 30, 1959, which is based upon findings of fact and conclusions of law on the issue of public use and necessity after a trial thereof by a judge sitting without a jury, and upon a verdict of a jury after the trial of the issue of damages before a judge sitting with a jury. Subsequently, i.e., on June 9, 1959, following deposit with the clerk of the trial court of the amount of damages fixed by the judg-

ment, a final order or decree of condemnation was entered. (Code Civ. Proc., §§ 1252, 1253.)

We conclude that the judgment is proper in all respects with the exception that the inclusion therein of an easement for gas and telephone lines is based upon a finding of necessity which is not supported by the evidence. This error is carried into the final order of condemnation. For this reason the judgment must be reversed. However, it is not necessary that a new trial be had on all of the issues presented. If the findings, judgment and order of final condemnation with respect to the issue of necessity and the extent of the property acquired is amended to conform to the views expressed herein, the defendants may not complain. Although the trial of the issue of damages was free of error, the amount of damages awarded covered an easement for gas and telephone lines as well as the electrical lines. The plaintiff is entitled to take from the defendants only that interest in the latter's property which is necessary to a public use. On the other hand, the defendants are entitled to compensation only for the interest condemned. Conceivably the amount of damages assessed may be greater than it would have been if the right to use the defendants' property for gas and telephone lines had been eliminated from consideration. To protect the plaintiff's right in this regard a retrial of the issue of damages should be ordered. On the other hand, if the plaintiff wishes to waive a retrial of the issue of damages, it should be given the opportunity to do so.

Therefore, it is ordered that the judgment be reversed and the trial court is instructed to amend the findings of fact and conclusions of law on the issue of public use and necessity to conform to the views expressed herein and, in the event the plaintiff stipulates thereto as hereinafter noted, the trial court also is instructed to amend the judgment appealed from and the final order of condemnation by striking the following language from that part of said judgment and order which describes the purposes for which the easement taken may be used, to wit:

(1) ". . . and for gas pipe lines and for telephone, signal and communication purposes," and

(2) ". . . shall have no right to construct a gas pipe line above the elevation of the ground and," providing the plaintiff stipulates, by a written stipulation filed with the clerk of that court within 30 days after this decision becomes final, that

said judgment and order may be amended as indicated; and it is further ordered that if such stipulation is not filed with the clerk of said court within said time the verdict, the judgment and the final order of condemnation shall be vacated, and a new trial shall be had on the issue of damages alone, as that issue is presented by the pleadings and the amended findings of fact and conclusions of law on the issue of public use and necessity. The defendants, Engel, will recover their costs on appeal.

Shepard, Acting P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 4, 1961.